## DECEMBER TERM, 1885.

SOUTH BOULDER DITCH AND RESERVOIR CO. v. COMMUNITY DITCH AND RESERVOIR CO.

Under the act of 1885 providing for appeals to the supreme court, *held*, that in ordinary cases the only matters essential to the transcript are a copy of the order or judgment appealed from, or the part thereof mentioned in the notice, a copy of the notice of appeal, and a copy of the appeal bond, if any be filed.

*Appeal from District Court of Boulder County.*

THE facts are stated in the opinion.

Mr. B. L. CARR, for appellant.

PER CURIAM.  This is an *action at law*, and the appeal is taken under the act adopted by the last general assembly regulating appeals to this court.  Sess. Laws, 1885, p. 350.  Appellant now presents a motion for additional time within which to file the transcript required by statute.  It is evident from the nature of this application that counsel is in doubt concerning the construction

which should be placed upon section 9 of the act above mentioned. Inasmuch as several similar applications have been made, and uncertainty seems to exist in the minds of the bar generally as to its meaning, we have deemed it advisable to here construe this provision. The difficulty alluded to exists in determining what is to be embraced in the *transcript*.

The section mentioned contains, *inter alia*, the following:

"The clerk shall forthwith transmit to the clerk of the supreme court a transcript of the judgment or order appealed from, or so much thereof as is mentioned in the notice; the notice of appeal, and the undertaking in appeal, if any; *and so much of the record in the case additional as the appellant in writing may direct.*"

Section 16 of the act reads as follows:

"The cause shall be submitted to the supreme court upon the printed abstracts of record, and amended abstracts as herein provided, and no transcript in writing shall be filed, and no costs shall be taxed therefor, except as herein provided."

These provisions of the statute must be construed together; they must also be viewed in connection with all the other sections thereof, particularly those numbered 17, 18, 19 and 20. Had the portion of the extract from section 9 which we have italicized been omitted, there could have arisen no doubts as to the legislative intent in the premises; but it is clear, we think, that in ordinary cases the only matters essential to the transcript are a copy of the order or judgment appealed from, or the part thereof mentioned in the notice, a copy of the notice of appeal, and a copy of the appeal bond, if any be filed.

As a general rule, all matters contained in a bill of exceptions or in the record proper, aside from those above named, must be submitted to this court upon the printed abstracts required by said section 16 *et seq*. But the lawmakers saw fit to incorporate into section 9 the expression

which tends to create the ambiguity complained of; and, in obedience to a familiar rule of statutory construction, it is our duty to give effect thereto if any reasonable meaning can be deduced therefrom.   We suggest that it may have occurred to the members of the legislature that occasionally some matter entered in the record proper, or some paper upon the files,— such as written findings of law or fact, and the like,— might be so closely connected with the judgment or order appealed from as that the same would be unintelligible without it; so they concluded, through an abundance of caution, to say that the appellant might order into the transcript matters other than those specifically mentioned.   As already remarked, however, the review of the case here is had upon the printed abstracts.   Counsel may order into the transcript a copy of matters other than the notice of appeal, the undertaking on appeal, the judgment or order appealed from, and the additional record entry or paper above mentioned, but such extra matters will not be considered in this court unless also included in the abstract; the cost thereof will in no event be taxed to the appellee; nor will the attempt to incorporate the same be accepted as a ground for extending the time fixed by statute for filing the transcript.   The statute does not expressly declare that the transcript under consideration shall be authenticated in any particular way; but we are of opinion that it should be duly certified by the clerk, under the seal of the court, in the same manner as are transcripts lodged here in cases upon error.

A large part of the act in question is taken from the statutes of Iowa and Wisconsin; but the language of section 9 is unlike that contained in the corresponding provisions of those states.   So far as we are advised, it is not copied from any legislation elsewhere in the Union. We have, therefore, been unable to examine or cite cases giving a construction thereof.

Under the circumstances, we have concluded to grant the motion, and allow appellant in this cause ten days' additional time within which to file his transcript.

*Allowed.*