# CASES AT LAW AND IN CHANCERY

#### DETERMINED IN THE

# SUPREME COURT OF THE STATE OF COLORADO.

13   1
14  532
14  564

## APRIL TERM, 1889.

### HALSEY v. DARLING.

1. WRITTEN CONTRACT — ORAL TESTIMONY — PROVINCE OF JURY.— Where the terms of a contract under which manual labor was per- formed are in dispute, the defendant producing in evidence a written contract which he testified was the one under which the labor was performed, and that it had never been changed, and which did not contain the stipulation alleged and relied on by the plaintiff, and the plaintiff was permitted, without objection made or exception reserved, to introduce oral evidence as to the real terms of the contract entered into by the parties, it was proper for the court, under the circumstances, to submit the question in dis- pute to the jury upon the whole testimony, and it was the province of the jury to determine from the weight of the evidence what were the real terms of the contract.

2. DEFECTS OF THE RECORD ON APPEAL — ASSIGNMENTS OF ERROR NOT REVIEWABLE.— Under the act of April 23, 1885, instructions not presented by the abstract of the record cannot be reviewed on appeal, or assignments of error based thereon considered. In such case the presumption obtains that the case was properly submitted to the jury, and if the verdict does not appear to be against the law and the evidence the judgment must be sustained.

VOL. XIII — 1

*Appeal from District Court of Chaffee County.*

Messrs. Watson & Libby, for appellant.

Messrs. B. L. Pollock and A. W. Sindlinger, for appellee.

Mr. Justice Elliott delivered the opinion of the court.

In January, 1882, appellant, being the half owner of the Stonewall mine in Chaffee county, entered into a contract with appellee and other miners whereby the latter undertook the sinking, timbering, running the engine, getting out wood, timbers, and all other work pertaining to the development of said mine in sinking the same one hundred feet below its then present depth, unless paying mineral should be sooner reached. The consideration for such work was to be at the rate of $4 for each workman per day, but the miners were to rely solely on taking paying mineral out of the mine sufficient to satisfy their several claims, and were not in any manner to hold appellant responsible for any part of their wages; provided, however, that if said appellant should discontinue work on the mine, which he was at liberty to do at any time, he should then satisfy the several claims of the workmen at the rate aforesaid, deducting therefrom seventy-five cents per day for board. To this extent there is no dispute about the terms of the contract between the parties.

But appellee, who was plaintiff below, alleged in his complaint, and on the trial gave evidence tending to show, that there was a further provision in the contract to the effect that appellant should pay the miners for their work in case he should sell the mine, and that he did during the year stop the work and sell the mine for a large sum of money, but failed and refused to pay the workmen.

Appellee sued to recover for his own work, and as assignee of several others who had done work under the contract. Defendant denied all liability, and on the trial

gave in evidence a written contract which he testified was the contract under which appellee and his fellow-workmen were employed. He testified that it had never been changed. This written contract, as introduced in evidence, contained no condition that appellant should pay the workmen in case he should sell the mine. Oral testimony was admitted without objection as to what were the real terms of the contract entered into between appellant and the miners, several of the latter testifying that the contract signed by them was read to them by appellant, and that it did contain a clause to the effect that they should be paid in case appellant should sell the mine. One witness testified that he read and signed the contract, and that he read such a clause therein.

The jury found a verdict in favor of appellee. Judgment being entered thereon, this appeal is brought, and the errors assigned are to the effect that the verdict of the jury is contrary to the law and the evidence; that the court erred in giving and in refusing certain instructions, and in denying defendant's motion for a new trial.

The abstract of the record upon which the case is submitted in this court shows no objection or exception to the admission or exclusion of testimony, nor is there any assignment of error based thereon. Under such circumstances the court was justified in submitting the case to the jury, to find what the real contract was between appellant and the miners. There was no dispute as to the amount of work performed by appellee and his fellow-workmen, whose claims he held by assignment. That appellant had sold the mine for a large sum, and had refused to pay the workmen, was not denied on the trial. The evidence being conflicting, it was the province of the jury to find what the real terms of the contract were, according to the weight of the evidence, of which they were the judges.

The errors assigned upon the giving and refusing of

instructions to the jury cannot be reviewed on this appeal. The act of April 23, 1885, under which the appeal was taken and submitted, provides, *inter alia*, as follows: "Sec. 16. The cause shall be submitted to the supreme court upon the printed abstracts of record and amended abstracts, as hereinafter provided, and no transcript of record in writing shall be filed. * * * Sec. 17. The appellant shall file with the clerk of the supreme court * * * printed copies of an abstract of the record in the cause, setting forth so much thereof as may be necessary to a full understanding of the questions presented for decision, and no more."

Neither the instructions given nor those prayed for and refused appear in the printed abstract of the record on file. So far as we can ascertain from such abstract, appellee, and those whom he represented as assignee, had performed work in the development of appellant's mine, whereby the same had become valuable, so that he had realized handsomely by the sale thereof. In the absence of any review of the instructions, we must presume the case was properly submitted to the jury. The verdict does not appear to be against the law or the evidence. The judgment is accordingly affirmed.

*Affirmed.*