## WILSON ET AL. V. HAWTHORNE.

1. PLEADING — LEGAL EFFECT OF UNCONTROVERTED ALLEGATIONS.— Every material allegation of a complaint or answer, not controverted, must, for the purposes of the action, be taken as true.

2. JURISDICTION — HOW A JUDGMENT MAY BE IMPEACHED.— A judgment rendered without obtaining jurisdiction of the person may be impeached by a proceeding in equity, or by answer to an action, where equitable defenses are allowable.

3. SAME — ALLEGATION OF MERITS.— An allegation of merits should be made in a complaint or answer denying the validity of a judgment as an earnest of good faith; but such allegation is not essential or traversable.

4. UNDER CODE PRACTICE A JOINT EQUITABLE DEFENSE MAY BE SUFFICIENT AS TO A SINGLE DEFENDANT THOUGH INSUFFICIENT AS TO OTHERS.— The rigid rule in common-law actions that a joint plea insufficient as to one defendant is insufficient as to all is not applicable to an equitable defense, under the Colorado Code of Procedure. Quœre, whether a judgment rendered against several parties may be maintained against those over whom jurisdiction was regularly obtained, when set aside as to others for want of jurisdiction.

*Appeal from District Court of Clear Creek County.*

Mr. W. T. HUGHES, for appellants.

MR. JUSTICE ELLIOTT delivered the opinion of the court

From the abstract of record in this case it appears that the action was begun by appellee as plaintiff in the county court in 1885 to recover the balance due upon a certain other judgment rendered in his favor in the same court in 1878. To the complaint appellants, as defendants, filed an answer containing certain denials, and also a further equitable defense or cross-complaint verified.

The cross-complaint is in the nature of a bill in equity to impeach a judgment for want of jurisdiction. Its allegations are affirmative both in form and substance. They are to the effect that the judgment sued upon was rendered by the county court of Clear Creek county upon

an appeal from a justice's court; that no summons was served upon Henry Wilson from the justice's court; that he did not appear in that court, did not unite in the appeal to the county court, and never appeared in the action, either in person or by attorney, and further, that the entry of the appearance of Henry Wilson by the county court was unauthorized; that Henry Wilson was not served with process, and did not appear in person in the case at any time; that the attorney for David R. Wilson was without authority to appear for Henry, and in fact appeared for David R. alone, so that the judgment of the county court was void for want of jurisdiction; and that the county court, though duly requested in apt time by motion supported by affidavits to amend the record so as to show that said Henry Wilson was not subject to its jurisdiction, refused so to do. Upon these and other pertinent and amendatory allegations added by leave of the court excusing delay in not sooner seeking relief from the judgments sued upon, defendants demanded " that the said judgment be vacated and annulled, and that the plaintiff be enjoined from further proceedings thereon."

From the abstract of the record before us it further appears that a demurrer upon general grounds, and also upon the ground that the matters set forth in the cross-complaint were barred by the statute of limitations, was interposed, and sustained by the county court; that thereupon an appeal was taken to the district court of Clear Creek county, in which court the demurrer to the cross-complaint was overruled, and leave and ample time were given to plaintiff to answer the same. After these recitals the abstract of record contains the following statement: " December 23, 1886, no answer to the cross-complaint having been filed, the cause came on for trial upon the allegations of the cross-complaint and its amendments. After hearing the evidence, consisting of record exemplifications, the court adjudged the cross-

complaint and its amendments insufficient, and dismissed the same."

The defendants bring this appeal. No part of the evidence or of the record exemplifications appear in the abstract of record. The only error assigned is that "the court erred in dismissing the cross-complaint and refusing the relief prayed for."

This appeal is governed by the act of 1885 (Sess. Laws, 350). Section 16 of said act provides that "the cause shall be submitted to the supreme court upon the printed abstract of record and amended abstracts, as hereinafter provided, and no transcript of record in writing shall be filed, and no costs shall be taxed therefor except as herein provided." In construing this section of the statute, this court, in the case of *South Boulder Ditch & Reservoir Co. v. Community Ditch & Reservoir Co.* 8 Colo. 429, said: "The review of the case is had upon the printed abstracts." The same rule was announced in *Halsey v. Darling*, 13 Colo. 1.

By overruling the demurrer, the district court adjudged the equitable defense or cross-complaint sufficient in law to bar the plaintiff of his action, at least as to one of the defendants. The plaintiff having failed to answer or reply to the cross-complaint, every material allegation thereof must, "for the purposes of this action, be taken as true." This rule of pleading is expressly declared by the Code of Civil Procedure of this state, and is sustained by the general current of authority. Colo. Code, § 71; Pom. Rem. § 617; *Crater v. McCormick*, 4 Colo. 196; *Tucker v. Parks*, 7 Colo. 62; *Silvey v. Neary*, 59 Cal. 97; *Fergus v. Tinkham*, 38 Ill. 407.

It follows from the foregoing that, unless there was fatal error in overruling the demurrer to the cross-complaint,— that is, unless said cross-complaint is wholly insufficient, both in form and substance, for any purpose whatever,— the action of the court in dismissing the same for insufficiency as to both defendants cannot be sus-

tained.   It becomes necessary, therefore, to consider
whether the equitable defense or cross-complaint as
pleaded is fatally defective, or whether it is sufficient in
substance as an answer to the plaintiff's action upon the
original judgment, either in whole or in part.  Though
the authorities are somewhat conflicting upon questions
of this kind, we think that the better doctrine is that a
judgment rendered without obtaining jurisdiction of the
person may be impeached and set aside by a proceeding
in equity for that purpose; that in such proceeding the
recitals of the record will not be taken to import abso-
lute verity; and also that an action brought upon a judg-
ment pronounced without obtaining jurisdiction of the
person of the defendant may be defeated by a proper
answer, under a system of procedure allowing equitable
defenses to be interposed in all civil actions.   To warrant
such relief, the contradiction of the record must be
clearly established; but we need not discuss the kind or
quantum of evidence required, since, in this case, no
issue was taken on the cross-complaint.   Code Colo.
§§ 59, 60; Bliss, Code Pl. § 347; Freem. Judgm. § 495;
*Marr v. Wetzel*, 3 Colo. 2; *Great West Min. Co. v.
Woodmas of Alston Min. Co.* 12 Colo. 46; *Thompson v.
Whitman*, 18 Wall. 457; *Ridgeway v. Bank*, 11 Humph.
523.

In determining whether or not the cross-complaint as
pleaded is sufficient, it becomes necessary, also, to con-
sider whether a judgment rendered without due process
of law, and without jurisdiction over the person, may be
relieved against without any showing of merits by the
party seeking such relief.   Here, again, the authorities
are in conflict.   The cross-complaint in this action con-
tains no allegation that the defendant Henry Wilson was
not liable in the original action equally with the defend-
ant David R.   Had the demurrer been specially inter-
posed and sustained for the want of such averment, the
ruling would not have been erroneous.   The jurisdiction

of equity should not be invoked except by a complaint alleging that real injustice has been or is likely to be done. But we are not prepared to say that such averment is essential or traversable. The showing of merits should not be required to the extent of compelling a party against whom a judgment has been obtained, without jurisdiction over his person, to come into a court of equity and assume the burden of disproving his liability. On the contrary, a party thus circumstanced is entitled to the maintenance of his right to defend against such supposed liability in an action wherein his adversary must assume the burden of proof. This distinction is important in all cases, and in many may be absolutely controlling.

The allegation of merits, though not traversable, may very properly be required as an earnest of good faith from the party seeking relief from a supposed unauthorized judgment; and as a rule, under our system, such pleading may be required to be verified. If a pleading be demurred to for want of such averment, it may be dismissed, unless amended; but in this case the absence of the averment, not having been made a ground of demurrer, did not justify the dismissal of the cross-complaint. Freem. Judgm. § 498; *Bell v. Williams*, 1 Head, 229; *Ryan v. Boyd*, 33 Ark. 778; *Crawford v. White*, 17 Iowa, 560.

In view of a retrial of this action, it is desirable that it should be now determined whether or not the equitable defense or cross-complaint can be made available in favor of the defendant David R. Wilson, as well as the defendant Henry. The authorities are divided upon questions of this character. It has been frequently asserted that a judgment is an entirety, and if void against one defendant is void against all. On the other hand, it has been held that a judgment rendered against several parties, part of whom were not subject to the jurisdiction of the court, may nevertheless be maintained against those over whom jurisdiction was regularly obtained. But in cases

of the latter class the validity of the judgment seems to depend upon the circumstances of the particular case, such as the form of the judgment, the consideration upon which it was founded, the relation of the parties defendant to each other, statutory provisions, the mode in which relief is sought, and the like. See case of *St. John v. Holmes*, 32 Am. Dec. 603, together with note and cases appended thereto. From the abstract of the record before us it does not appear that the original judgment was in any manner challenged upon this particular ground; and the abstract is not sufficiently specific to enable us to determine the question with safety, so we shall not express an opinion upon the matter. But in this connection it is proper to observe that if it should be determined on a retrial that the matters contained in the equitable defense are sufficient as to Henry Wilson, but not as to David R., the fact that Henry pleaded the defense jointly with David, instead of pleading separately, will not defeat Henry's right to protection against the original judgment. The rigid rule in common-law actions announced in *Deitsch v. Wiggins*, 1 Colo. 299, that a joint plea, insufficient as to one defendant, is insufficient as to all, is not properly applicable to an answer in chancery, or to an equitable defense of this kind, under the liberal provisions of our Code of Procedure, especially after a demurrer, not interposed upon such ground, has been overruled, and the privilege of amendment passed by. Code Colo. §§ 59, 70, 77, 443; Story, Eq. Pl. §§ 443, 692; *Huggins v. Building Co.* 2 Atk. 44.

The plaintiff not having made answer or reply to the cross-complaint, his action should have been dismissed, at least as to the defendant Henry Wilson, unless said defendant desired to have the case heard for the purpose of obtaining the affirmative relief sought by the cross-complaint. The judgment of the district court is reversed and the cause remanded.

*Reversed.*