ROBERTS ET AL. v. ARTHUR ET AL.

1. DISSOLUTION OF INJUNCTION IN VACATION.— Where an injunction has been awarded after notice, it is error to dissolve the same in vacation; but, on an appeal from the final judgment in the action, such error is not ground for reversal unless it appears that such premature dissolution was prejudicial to the substantial rights of the plaintiff in the final adjudication.

2. PRIORITY OF RIGHT — HOW ANSWERED.— When a party has acquired a prior right to the water of a natural stream by a valid appropriation thereof to a beneficial use, another party cannot justify an interference with such prior right by *merely* showing that he is wholly dependent upon the same supply of water; but, in an equitable proceeding for some purposes, even though not as a bar to such prior right, it may be proper for defendant to allege such dependence in connection with other averments of the answer; and it is not error to refuse to strike out such matter unless it is made to appear that its retention, in some way, may have improperly affected the final decision of the cause.

3. EVIDENCE NOT TO BE WEIGHED IN APPELLATE COURT.— Under the appeals act of 1885, unless the printed abstract shows that all the material evidence was taken by deposition or before a referee, and that the evidence and exhibits are full and complete, it is not incumbent upon the appellate court to sift and weigh the evidence, nor will the findings of the trial court in such case be reversed upon the mere weight of evidence.

*Appeal from District Court of Fremont County.*

Messrs. WALDO & BAKER, for appellants.

Mr. JOS. H. MAUPIN, for appellees.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The appellants in this case, plaintiffs below, brought this action, claiming to be the owners of a certain ditch by means of which they had made appropriations of water from Coal creek and South Oak creek to supply the town of Coal Creek for domestic use; and that they had thereby acquired a priority of right to such water superior to the rights of defendants. They charged defendants with having begun the construction of another ditch above plaintiffs' head-gate with the avowed purpose of taking *all the water* naturally flowing in said Coal creek, and so interfering and depriving plaintiffs of their said prior right thereto.

In the complaint plaintiffs prayed that defendants be forever enjoined from further constructing their ditch; also, from cutting the channel of Coal creek or of South Oak creek; also, from taking or interfering, in any manner, with any of the waters of either of said creeks, for purposes of irrigation, or for any other purpose, whatever; and for such other relief as shall be deemed by the court just and equitable.

Plaintiffs applied upon notice and obtained a temporary injunction against defendants. An answer and motion to dissolve the injunction were filed. The motion was heard, and the injunction dissolved, in vacation. This action of the court is assigned for error, as being in violation of section 153 of the code, which provides that, "where any injunction shall have been awarded after notice, no motion for the dissolution of such injunction shall be heard or made in vacation." The dissolution of the injunction occurred at a time when, under the act of 1885, such interlocutory order might have been made the ground of a separate appeal.

No such appeal, however, was taken, and the proceedings in the main case were continued to final judgment, from which this appeal is prosecuted. Under such circumstances, the dissolving of the preliminary injunction in vacation, though erroneous, cannot be considered reversible error, unless it shall appear that a dissolution at such time was prejudicial to the substantial rights of the plaintiff in the final adjudication. For since the court upon final hearing found against the plaintiffs and dismissed their action, such judgment would have carried with it the dissolution of the injunction in any event.

It is assigned for error that the court refused plaintiffs' motion to strike the following paragraph from defendants' answer:

" That the said defendants, and each of them, have to depend wholly upon said Coal creek for water sufficient to irrigate so much of their said lands as is tillable, and for domestic uses and purposes; and that they have no other water facilities on said lands."

It is urged by counsel for appellants that the foregoing allegation is no defense to plaintiffs' claim to priority of right, based upon their appropriation of the water of Coal creek, as alleged in their complaint. It is true, when one party has acquired a priority of right to the water of a natural stream by a valid appropriation thereof to a beneficial use, another party cannot justify an interference with such right by *merely* showing that he is wholly dependent upon the same supply of water; for, if the right of the prior appropriator must yield to the necessity of the junior appropriator, then the rule of priority of right as guarantied by the constitution may be altogether abrogated.

But the answer denies the prior appropriation claimed by plaintiffs, and denies that defendants propose to take all or any considerable portion of the water of Coal creek. This was an equitable proceeding. A preliminary injunction had been obtained against defendants. For some purposes, therefore, even though not a bar to plaintiffs' action,

it may have been proper for defendants to show their purpose in taking water from Coal creek; and so it may have been incumbent upon them to allege such purpose in connection with other averments of the answer. The printed abstract of the record, upon which this case is submitted, does not purport to contain the whole answer, nor the whole of the substance thereof; and, under the appeals act of 1885, we are not at liberty to speculate as to matters not contained in such abstract. We cannot undertake to determine for what purpose the above-quoted portion of the answer may have been retained, nor can we suppose that its retention in any way improperly affected the final decision of the cause. Hence, we cannot say there was error in refusing the motion to strike. *South Boulder Ditch, etc. Co. v. Community Ditch, etc. Co.* 8 Colo. 429; *Wilson v. Hawthorne*, 14 Colo. 530.

The printed abstract does not purport to contain the exhibits *in extenso* nor the evidence *in hæc verba* as taken at the trial; nor does it show that all the evidence was taken by depositions, or before a referee, so as to make it incumbent upon us to sift and weigh the same according to the former practice in chancery.

There are no assignments of error based upon the rulings of the court in the reception or rejection of testimony. The only assignments of error not already considered in this opinion are to the effect that the decision of the court below is against the law and the evidence. The printed abstract shows the exhibits and the testimony of a large number of witnesses in condensed form. From these evidences it may be inferred that the controversy assumed various phases, and that difficult questions of fact were presented; but, so far as we are advised, the court made no special findings either of fact or of law, and entered no judgment except generally " against the plaintiffs that their complaint be dismissed," and for costs. Such adjudication must be sustained, if, upon any ground within the scope of the issues, the evidence failed to establish facts sufficient to entitle plaintiffs to the relief sought by their action.

Upon an examination of the evidence in the light of the written briefs, but without the aid of oral argument as we requested, we discover no satisfactory grounds for disturbing the decision of the trial court. In this case, especially, the trial judge possessed great advantages in understanding the evidence. In the first place, some of the witnesses, and all of the evidence and exhibits, full and complete, were before him; in the next place, he had the advantage of viewing the maps referred to in the evidence, but not shown in the abstract. And, again, he had the benefit of oral arguments by counsel while the evidence was fresh in his recollection. It is unnecessary to restate the superior value which the law accords to his judgment upon questions of fact under such circumstances. The judgment must accordingly be affirmed.

*Affirmed.*