## DUNNE ET AL. V. STOTESBURY.

1. WHEN ERROR NOT CAUSE FOR REVERSAL.— Error in refusing to dissolve a temporary injunction will not justify a reversal of the final judgment, if the record be otherwise free from objection.
2. WHEN LIMITATION SAME IN EQUITY AS AT LAW.— When the cause of action in an equitable proceeding is one for which plaintiff might have resorted to a common-law remedy, as trover or replevin, the six-years statute of limitations is applicable.
3. LIMITATIONS IN EQUITY — LACHES.— A party is entitled to bring his suit in equity at any time within the statute of limitations, except in cases where there has been delay or acquiescence amounting to a recognition of the rights of the opposite party making the assertion of adverse rights inconsistent and unconscionable, or where other equitable considerations equally strong are established.
4. INTERVENTION NOT OBLIGATORY.— A party is not bound to intervene in an action relating to property claimed by him, but he may seek redress in any court of competent jurisdiction, so long as his right of action is not barred by statute nor otherwise forfeited.

*Appeal from District Court of Lake County.*

HENRY H. STOTESBURY was plaintiff below, and by this suit sought to be declared the owner and awarded the possession of a certain certificate for twelve thousand five hundred shares of the capital stock of the Agassiz Consolidated Mining Company. Injunctive relief was also sought in aid of the action. Of the defendants, James Dunne alone made defense. The plaintiff's ownership of eight thousand one hundred shares included in said certificate was not controverted, but Dunne claimed title to the other four thousand four hundred shares. A temporary injunc-

tion was granted, which the court on motion refused to dissolve. On the final hearing, the court found that plaintiff was the owner of three thousand one hundred and fifty of the shares in dispute, and that the defendant Dunne was the owner of the remaining one thousand two hundred and fifty shares. Decree was rendered accordingly.

An appeal was prosecuted to this court under the act of 1885, from the order of the district court refusing to dissolve the preliminary injunction. Upon the rendering of final judgment sustaining the injunction, except as to the one thousand two hundred and fifty shares awarded to the defendant Dunne, another appeal was taken, and the two were consolidated in this court by consent.

Messrs. PATTERSON & THOMAS, for appellants.

Mr. J. S. JONES and Mr. A. T. GUNNELL, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The assignments of error upon the first appeal, even if sustained, would not, under the circumstances of the case, justify a reversal of the final judgment, if the record be otherwise free from error; hence such assignments need not be considered in this opinion. *Roberts v. Arthur*, 15 Colo. 456. The assignments of error upon the last appeal relate to the admission and exclusion of testimony, and to the findings and judgment of the court. The objections to the rulings of the court upon the testimony offered, as shown by the abstract, were not well taken; they require no discussion.

From a careful examination of the printed abstract upon which the appeal is submitted, we do not feel warranted in disturbing the court's findings as to the facts and merits of the controversy. The superior advantages enjoyed by the trial court for determining such matters are well understood.

The cause of action was one for which the plaintiff might

have resorted to a common-law remedy, as trover, or perhaps replevin, the shares of stock being personal property. But under the code, and probably under the former practice, he was also entitled to invoke equitable relief in a case of this nature. Hence the six-years statute of limitations, as pleaded, was applicable to the action. Gen. St., §§ 241, 2172; Code, § 70; Ang. Lim., § 26; 1 High, Inj., § 30; 2 Story, Eq. Jur., §§ 906, 907; *Boylan v. Huguet*, 8 Nev. 345; *Wilson v. Anthony*, 19 Ark. 16.

Whether or not the evidence sustained the defense of the statute of limitations was a question of fact. The evidence upon such issue, though somewhat conflicting, fairly shows that the cause of action accrued within the statutory period, and the court below having found against the defense, its judgment thereon cannot properly be reversed on this appeal.

In determining whether or not plaintiff's rights were forfeited by his laches in bringing suit, independent of the statute of limitations, it is necessary to consider somewhat in detail the subject-matter of the controversy and the relation of the parties thereto. Henry H. Stotesbury, the plaintiff, Adin Alexander and Sam B. Morgan were the original owners of all the capital stock of the Agassiz Consolidated Mining Company,— fifty thousand shares, of the par value of $2,500,000. Plaintiff owned twenty-five thousand shares; Alexander and Morgan each owned twelve thousand five hundred shares. Alexander, desiring to dispose of his stock, authorized one James Dunne to sell the whole thereof for $60,000 cash, net. Plaintiff was also requested to aid Dunne in the sale of the stock. This was early in June, 1879. Alexander's stock was represented by a single certificate, numbered 3. Plaintiff and Dunne were then in New York, and it was arranged between them that they should sell Alexander's stock, or so much thereof as should be necessary, and that they should retain as their commissions for effecting such sale any surplus, either in money realized or stock unsold, after procuring the $60,000

for Alexander. Eight thousand one hundred shares of certificate No. 3 were accordingly set apart for this purpose, to be sold at the rate, if possible, of one hundred and thirty-five shares for $1,000, which would yield the sum necessary to satisfy Alexander; but it was also agreed that one thousand nine hundred shares more might be used as an inducement to purchasers in case of emergency to raise the necessary amonnt. Thus two thousand five hundred shares would be left for plaintiff and Dunne.

Shortly after making these arrangements plaintiff came to Colorado. In the latter part of July, 1879, when about $20,000 had been subscribed towards the sale of the Alexander stock through the joint efforts and influence of plaintiff and Dunne, and when it appeared that no more stock could be disposed of, plaintiff purchased the entire Alexander interest, subject to the subscriptions already made thereto. Dunne, by letter, heartily approved of this purchase by plaintiff as the only plan that could have been adopted for the sale of the Alexander interest. Plaintiff was in Colorado at the time of his purchase of the Alexander interest; but certificate No. 3, which originally represented that interest, was in New York, where it had been indorsed to Dunne for the purposes of said sale. It appears, however, that plaintiff did not know of such indorsement at the time of his purchase. Immediately and continuously after the purchase of the Alexander stock, plaintiff assumed the entire control thereof, supplying from his own stock the purchasers who had previously subscribed for portions of the Alexander stock. Thus, while plaintiff did not have the manual or corporal possession of certificate No. 3, he wrs at all times after such purchase practically in the possession and enjoyment of the entire interest in the Agassiz Company originally represented by said certificate. His ownership of the eight thousand one hundred shares represented by said certificate seems never to have been disputed, and that he actually controlled and enjoyed the other four thousand four hundred shares continuously

after the date of his purchase from Alexander is admitted by the following paragraph 'from the answer of defendant Dunne:

"That during the period of six years the said plaintiff has been practically in control of the defendant company, operating its mines, conducting its business, making leases, without the knowledge or sanction of the directors, and receiving the proceeds of ores mined therefrom without making any account thereof to the said stockholders or directors; that during said period this defendant was never regarded by plaintiff as a stockholder of said company; that he never received a notice of a stockholders' meeting, nor given any opportunity to assent or dissent concerning the management of said mines, the expenses of said company, or the disposition of its said products, but that plaintiff assumed to represent, own, and have the right to vote and did vote the said four thousand four hundred shares for the purpose of carrying out his own objects, intentions and policies of and concerning the administration of the affairs of said company."

When there has been unreasonable delay in bringing suit, courts of equity sometimes refuse relief, even though the statutory period of limitations has not expired; but this is generally in cases where acquiescence amounts to a tacit recognition of the rights of the party in possession, and where the assertion of adverse rights is regarded as not only inconsistent, but unconscionable, or where other equitable considerations equally strong are established. Courts of equity often act in analogy to the statute of limitations, though not especially applicable to·their jurisdiction, and also in the absence of statutory limitations, upon principles of their own, refuse relief to stale demands. In such cases equity reasons thus: The plaintiff has slept upon his alleged rights. His opponent has long been allowed to possess and enjoy the disputed property without complaint. The controversy has probably been settled. The evidence has been lost or obscured. The plaintiff has sought advantage by

delay. His action is an experiment. There can be no justice or equity in his claim. Ang. Lim., §§ 25–30, 171, 172; Ban. Lim. 245 et seq.; 2 Herm. Estop. 1194, 1360; *Great West Min. Co. v. Woodmas of Alston Min. Co.*, 14 Colo. 90, and cases there cited; *Coffey v. Emigh*, 15 Colo. 184; *Wilson v. Anthony, supra; Hamlin v. Mebane*, 1 Jones, Eq. 18.

None of the foregoing principles control the present controversy; for, as we have seen, there was a statutory period of limitation applicable to the case, and the same had not elapsed when the action was instituted. Hence the statutory period must control, in the absence of equitable considerations requiring the same to be shortened. Besides, the plaintiff has been practically in the continuous possession and enjoyment of the property in dispute ever since the cause of action arose; he has not recognized his opponent's alleged rights, nor acquiesced in his enjoyment of the property in dispute; nor has he done or said anything in respect thereto calculated to mislead Dunne to his injury. Hence neither the doctrine of laches, nor of acquiescence, nor of estoppel by conduct, could properly be invoked as a defense to plaintiff's assertion of his rights to the Alexander stock to the extent of his purchase.

The defendant Dunne in his answer alleged that, in a certain action brought by him against the Agassiz Consolidated Mining Company in a New York court, he was decreed to be the owner of the four thousand four hundred shares of stock in controversy, and that plaintiff is thereby estopped from questioning the judgment rendered therein. The answer further averred that plaintiff was a party defendant to the New York suit, but the exemplified copy of the record of that case introduced in evidence on the trial of this action contradicts such averment. Hence plaintiff was not, *per se*, bound by the New York judgment. His knowledge of the proceedings in that case was, however, allowed to be shown in evidence as bearing upon the question of his alleged laches in bringing this action. Under

the circumstances, we are unable to say that the time within which he might bring this action should be abridged by reason of such knowledge. Dunne brought that suit with full knowledge of plaintiff's claim to the disputed stock. Not having made plaintiff a party, he certainly acquired no legal right against him by the proceeding, and it is difficult to perceive that he thereby gained any equitable advantage. The plaintiff was not bound of his own motion to intervene in the New York action. He had the right to seek redress in any court of competent jurisdiction. He selected a forum in the jurisdiction where the property to be affected by the judgment was located. He instituted the suit before judgment was rendered by the New York court, and before the statute of limitations had barred his right of action. The cause having been heard and determined upon legal and equitable principles, without substantial error, the judgment must be affirmed.

*Affirmed.*