[No. 2120.]

## Symes as Administratrix of the Estate of Symes v. The People for the Use of Charpiot as Assignee of The Denver Carriage Company.

1. **Estates of Decedents—Judgments—Collateral Attack.**

Where pending administration of an estate a judgment against the administratrix was tendered to the county court for filing and classification, an objection to the filing and classification on the ground that the administratrix was substituted as party defendant in the action and judgment rendered against her without any notice or summons having been served upon her and without any appearance in the cause by her, was not a collateral attack on the judgment, and the county court had jurisdiction and it was its duty to have heard the defense of the administratrix to the judgment.

**2. Judgments—Void for Want of Jurisdiction.**

The defense that a judgment is void for want of jurisdiction of the person of defendant in the court rendering the judgment is available to the defendant in any proceeding on the judgment.

*Appeal from the County Court of Arapahoe County.*

Mr. OSCAR REUTER, for appellant.

Mr. HENRY CHARLES CHARPIOT, *pro se.*

GUNTER, J.

Pending administration on the estate of G. G. Symes, appellee tendered for filing and classification judgment sought to be annulled in *Sophie F. Symes, Administratrix, Plaintiff in Error, v. Henry C. Charpiot, as Assignee, Defendant in Error,* decided at the present term of this court—*ante,* page 463.

To the filing and classification of the judgment appellant objected that the judgment was void for the same reason as urged in such case pending on error, that is, that the court rendering such judgment never acquired jurisdiction of the person of the defendant therein, Sophie F. Symes, administratrix, and offered to show the absence of such jurisdiction.

The trial court ruled against such contention by appellant on the ground that it was a collateral attack on such judgment, and declined to receive the evidence tendered.

The above case on error and the present case differ merely in this:   In the former a complaint was filed in the district court to annul the judgment because the court never had jurisdiction of the person of the defendant therein.   In the present case the administratrix as a defense to what was in effect a suit upon such judgment, that is, the application for its filing and classification as a *valid* judgment sought as matter of defense to show that such judgment was *invalid* because the court never acquired jurisdic-

tion of the person of defendant therein.  As stated above the county court declined to permit such defense on the ground that it was a collateral attack on such judgment.  That it was not a collateral attack is at rest in this jurisdiction.

In *Wilson v. Hawthorne,* 14 Colo. 530, 533, 24 Pac. 548, an action was brought in the county court to recover the balance due upon a certain other judgment formerly rendered in the same court; the answer set up that the defendant in the action in which the judgment sued on was recovered had never been served with summons; had never appeared, and had never authorized counsel to appear for him.  These allegations contradicted the record.  The court held that a cross-complaint, based upon these facts, for annulment of the judgment stated a cause of action, and said: ''Though the authorities are somewhat conflicting upon questions of this kind, we think that the better doctrine is that a judgment rendered without obtaining jurisdiction of the person may be impeached and set aside by a proceeding in equity for that purpose; that in such proceeding the recitals of the record will not be taken to import absolute verity; and also that an action brought upon a judgment pronounced without obtaining jurisdiction of the person of the defendant may be defeated by a proper answer, under a system of procedure allowing equitable defenses to be interposed in all civil actions.''

In *Smith v. Morrill,* 12 Colo. App. 233, 55 Pac. 824, judgment had been rendered against a defendant in the district court of one county, execution sued out thereon and placed in the hands of a sheriff of another county.  A proceeding in equity was instituted in the last named county to enjoin further proceeding upon the judgment which was claimed to be void by reason of want of personal jurisdiction of defendant by the court rendering the judgment.  It was held

that the proceeding was not a collateral attack and that it would lie.

We think that the defense tendered herein in the county court to the filing and classification of the claim should have been entertained.

Judgment reversed.

*On Rehearing.*

GUNTER, J.

The judgment tendered for classification as a valid judgment was void because rendered without jurisdiction of the defendant, the administratrix.— *Symes, Administratrix, Plaintiff in Error, v. Charpiot, Defendant in Error, supra.*

This defense—lack of jurisdiction of the defendant in the court rendering the judgment—was available to the defendant in any proceeding on the judgment.—*Wilson v. Hawthorne, supra; Smith v. Morrill et al., supra.*

It was within the jurisdiction of the county court sitting for probate business when such judgment was tendered for classification as a claim against the estate to entertain this defense, and if established, as it was, to decline to classify the judgment as a valid claim.

"Whatever may be the law in England, or in any other states of the union, we are clearly of the opinion that, under our constitution and statutes, the county court, in all matters pertaining to probate business, has as ample powers and as full jurisdiction with respect thereto as have the district courts of this state over matters within their jurisdiction.—Constitution, art. 6, sec. 23; Mills' Ann. Stats., sec. 1054; *Schlink v. Maxton,* 153 Ill. 447."—*Clemes v. Fox,* 25 Colo. 39, 45, 53 Pac. 225.

We remain of the opinion that the county court should have held the judgment tendered invalid and

should have declined to classify it as a claim against the estate.

Petition for rehearing denied.        *Denied.*