[No. 5052.]
[No. 2617 C. A.]

WILLIAMS ET AL. v. THE BOARD OF COUNTY COMMISSIONERS OF ROUTT COUNTY.

1.  **Public Highways—Establishment—Direct Attack.**

In an action to enjoin the obstruction of a public highway, a cross-complaint attacking the legality and validity of the proceedings establishing such highway is a direct attack on the action of the board of county commissioners in establishing it, as the right to attack a judgment for judicial infirmity or for fraud is not confined to the complaint.—P. 58.

2.  **Pleading—Demurrer—Admission of Allegations Well Pleaded.**

A general demurrer to a cross-complaint admits all its allegations which are well pleaded.—P. 59.

**3. Public Highways—Establishment—Notice—Sufficiency.**

A notice of proceedings before the board of county commissioners to establish a highway posted more than a mile from the proposed road, is not a sufficient compliance with Mills' Ann. Stats., § 3934, requiring the posting of notices along the proposed new road.—P. 59.

**4. Same—Pleading—Cross-complaint—Sufficiency.**

A cross-complaint attacking the validity of proceedings for the establishment of a public highway is sufficient, where the allegations that one of the notices, required by Mills' Ann. Stats., §.3934, to be posted in the most public place along the road, was posted over a mile from the nearest point of the road, although it does not allege that the notices were posted in the most public places; nor is it necessary in such cross-complaint to allege fraudulent purpose in failing to post such notices, or that parties complaining did not see or read them, or that the parties had no notice of the proceedings.—P. 60.

**5. Same—Establishment by County Commissioners—Conclusiveness of Decree.**

A recital in the decree of the board of county commissioners establishing a highway, that notices were duly posted according to law, is not conclusive when a direct attack is made thereon.—P. 61.

**6. Equity—Grounds of Jurisdiction—Remedy at Law—Laches.**

Parties aggrieved by irregularities in the proceedings of county commissioners establishing a highway, are without remedy at law, by appeal, or certiorari; and one who, at all times, objected to an establishment of a highway through her premises, is not guilty of laches precluding her from having the proceedings vacated by a court of equity.—P. 61.

*Appeal from the District Court of Routt County.*
*Hon. John T. Shumate, Judge.*

Mr. Henry T. Sale, for appellants.

Mr. C. H. Pierce and Mr. Jacob R. Harding, for appellees.

Mr. Justice Maxwell delivered the opinion of the court:

The board of county commissioners of Routt county, plaintiff below, filed its complaint against

appellants, seeking to enjoin them from obstructing a public road alleged to have been duly laid out, established, opened and maintained by the board for the use of the public over, across and through the premises of appellant, Williams.

Defendants specifically denied the allegations of the complaint, and by a cross-complaint attacked the legality and validity of the proceedings of the board in attempting to establish and open the road.

A general demurrer to the cross-complaint was sustained.

The appellants elected to stand by their cross-complaint.

Evidence was introduced in support of the allegations of the complaint and a judgment was rendered by the court perpetually enjoining the defendants, as prayed in the complaint, and for damages.

The only errors assigned are based upon the ruling sustaining the demurrer to the cross-complaint.

Counsel for appellee concede, that if it should be held, that the cross-bill is a direct attack on the proceedings of the board, resulting in the order to establish and open the road, and its allegations are sufficient to avoid the decree, the cross-bill stated a cause of action, and the general demurrer should have been overruled.

In *Hallack v. Loft*, 19 Colo. 74, 83, this court said:

"The right to attack a judgment for jurisdictional infirmity, or for fraud, is not confined to the complaint; it extends as well to the answer and replication." Citing cases.

And, also, in *Wilson v. Hawthorne*, 14 Colo. 530, 533:

"Though the authorities are somewhat conflicting upon questions of this kind, we think that the

better doctrine is, * * * an action brought upon a judgment pronounced without obtaining jurisdiction of the person of the defendant may be defeated by a proper answer, under a system of procedure allowing equitable defenses to be interposed in all civil actions.'' Citing cases.

To the same effect, also, are *DuBois v. Clark,* 12 Colo. App. 220; *Smith v. Morrill,* 12 Colo. App. 233; *Kelley v. East Side I. Co.,* 16 Colo. App. 365; *Crippen v. X. Y. Irr. D. Co.,* 32 Colo. 447.

Under the above authorities, the cross-complaint was a direct attack upon the judgment of the board.

Section 3934 Mills' Ann. Stats. provides, *inter alia:*

''It shall be the duty of the board of county commissioners * * * to cause notice to be posted in three of the most public places along the proposed new road, at least five days previous to the day fixed for the view thereof, giving parties in interest notice that at the time fixed by the board of county commissioners the viewers so appointed will meet at the point designated in the petition as the starting point of such road to attend to their duties as viewers.''

Counsel for appellee concede, that this statute must be strictly construed and that actual notice will not take the place of the notice provided by law.

The cross-complaint alleged, in substance, that J. B. Male, one of the viewers appointed by the board, filed an affidavit in the office of the county clerk, stating in substance that he had posted notices, a copy of which was attached to his affidavit, at the following places: ''One on L. Long's shop, one on Mrs. R. P. Williams' gate post to her middle creek ranch, and one on Henry Myers' fence, each being in a public place along the line of the proposed new road and within the county and state aforesaid''; that no notice was ever posted on the said gate post

of Mrs. R. P. Williams' middle creek ranch; that Henry Myers' fence, mentioned in the affidavit, was about a mile or more from the nearest point on the proposed new road; that no other notices than those mentioned in the affidavit were posted.

For some undisclosed reason, appellants' counsel, in his opening brief and argument, pays no attention to the allegation that no notice was posted on the gate post of Mrs. R. P. Williams' ranch, but in his reply brief, he calls our attention to this allegation.

We will confine our discussion to the question, whether the posting of a notice one mile or more from the line of the proposed new road, is such a compliance with the statutory requirements as would give the board of county commissioners authority to proceed under the provisions of the statute quoted.

A general demurrer admitted the truth of the material allegations of the cross-complaint which were well pleaded.

It being admitted, that one of the notices required by the statute to be posted, was posted more than a mile from the proposed new road, it would seem that this discussion should end at this point, for the reason, as held by all the authorities, a notice failing to comply with the statute is no notice; but counsel contend, that the cross-complaint should have alleged that the notice posted on the Myers fence was not posted in one of the *most public places* along the line of the proposed road, and that the distance of more than one mile from the line of the proposed road was an immaterial variance.

We cannot agree with either proposition.

The place of posting the notices is provided by the statute, viz: "the *most public places along* the proposed new road." Both of these elements must

co-exist. The lack of one is as fatal as the lack of the other.

Counsel for appellee are unfortunate in the citation of *Whitely v. Platte Co.,* 73 Mo. 30, where it was held, that the notice was fatally defective in that it showed that the notice had been posted at three places along the line of the road, instead of three of the most public places.

An inspection of the affidavit of posting in this case shows, that it states that the notices were posted in public places, and not in the *most* public places.

A notice posted more than one mile from the nearest point of the line of the proposed road, is certainly not a compliance with the statutory requirements, that the notices should be posted *along* the proposed new road.

We think the adverb "along," as used in this connection, means "by the side of," "near" (Standard Dictionary), rather than "through," or "by the length of," as contended by counsel for appellee.

Our conclusion is, that where it appears affirmatively that one of the notices was posted more than a mile from the proposed road, that such notice was not posted *along* the proposed new road, that therefore such notice was fatally defective and not an immaterial variance, and for that reason the board of county commissioners did not have jurisdiction to proceed.

The posting of the required notices being jurisdictional, a strict compliance with the law being required to confer jurisdiction upon the board to proceed, it is not necessary to allege a fraudulent purpose in posting or failing to post the notices, or that parties complaining did not see or read them, or that the parties had no notice of the proceedings.

The argument of counsel to the effect, that the decree of the board is conclusive and imparts verity

by reason of the statement therein, that the required notices were "duly posted according to law," is disposed of by our conclusion that the cross-complaint was a direct and not a collateral attack upon such decree.

The statute under which this proceeding was had, does not provide for an appeal from the action of the board, except by one who is aggrieved by the award of damages made by the viewers.

*Certiorari* would afford no remedy under the facts as disclosed by this record, for the reason that the record made by the board showed a compliance with the statutory requirements conferring jurisdiction upon the board to proceed, and as the record sent up in response to a writ of *certiorari* is conclusive, no relief could have been had under such writ.

For the forgoing reasons appellants were without remedy at law.

There is no merit in the contention, that the allegations of the cross-complaint disclose that defendants were guilty of laches and bad faith, and for that reason are not entitled to equitable relief.

The allegations of the pleadings are to the effect, that defendant Williams at all times protested against and objected to the opening of the road through her premises; that when plaintiff proceeded to open the road, entered upon her premises and took possession of the same, removed and destroyed her fences, she caused the same to be replaced, which acts, upon the part of defendant Williams, are the basis of the complaint upon which the injunction was granted and made perpetual. At no time did she consent to the unauthorized and unlawful acts of plaintiff in this case, but at all times objected to the same.

The allegations of the cross-complaint are in our judgment sufficient to entitle defendants to the relief prayed for.

The court erred in sustaining the demurrer to the cross-complaint, for which reason the judgment must be reversed.                                    *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GUNTER concurring.