[No. 5679.]

## WHITE V. NUCKOLLS.

1. **Injunction—Preliminary—Insufficient Complaint**—A preliminary injunction may be retained pending the amendment of a complaint held insufficient on demurrer. A violation of the injunction, while so retained, may be punished as a contempt.—(172, 173)

2. **Appeals—Error in Interlocutory Matter** will not reverse the final judgment, where the substantial rights of the complaining party are not injuriously affected.—(172)

3. ——**Finding on Conflicting Evidence** will not be disturbed.—(176)

4. **Pleadings—Amendment—New Cause of Action**—A complaint asserting priority to the use of the waters of a stream named was amended by changing the allegations as to the channel through which the water was diverted, but asserting as the ground of relief the same ultimate fact, namely the prior right of the plaintiff. Held, not to present a new cause of action.—(173, 174)

Whether, after answering an amendment and going to trial, the defendant may contest the propriety of the amendment, quære.—(175)

5. **Water Rights — Abandonment —** Mere non-user of an appropriation of water does not establish abandonment. An intention to abandon must be present. The burden of proof is on the party asserting it.—(175, 176)

6. ——**Implied Limitation as to Enjoyment**—A right to the use of water is limited, both as to time and volume, by the needs of the party, and the law reads this limitation into a decree declaring the right.—(177)

*Error to Pueblo District Court*—Hon. JOHN H. VOORHEES, Judge.

Mr. S. HARRISON WHITE for plaintiff in error.

Messrs. DEVINE, DUBBS & PRESTON and Mr. H. P. VORIES for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The parties to this proceeding each claim priorities to the use of water from a natural stream known as Long Branch, and the important question presented for the determination of the court below, was, which party had the prior right to the use of such water.

Defendant in error (plaintiff below) instituted an action to enjoin plaintiff in error (as defendant) from diverting and interfering with her use for domestic and irrigation purposes of one and one-half cubic feet of water per second of time, from the stream in question. On filing the complaint a temporary injunction was issued and served upon defendant, enjoining him from diverting the waters of the stream to the detriment of plaintiff pending a determination of the case upon its merits. Thereafter such proceedings were had as resulted (1) in adjudging the defendant guilty of contempt for violating the temporary injunction; and (2) on trial of the issues made by the pleadings, judgment was rendered to the effect that plaintiff was entitled to the use of one cubic foot of water per second of time for domestic and irrigation purposes from the waters of Long Branch Creek, in advance of the right of the defendant. The latter has brought the case here for review on error.

The defendant filed a general demurrer to the original complaint and gave notice that an application would be made to dissolve the injunction based upon the demurrer. The demurrer was sustained, and leave granted to the plaintiff to amend her complaint, but the court refused to dissolve the

injunction. It is urged that the court erred in refusing to dissolve the writ. The prevailing doctrine now is that when a demurrer to a complaint upon which an injunction is issued is sustained, the court, in its discretion, may continue the injunction pending an amendment to the complaint.—2 High on Injunctions, § 1594; 10 Enc. Pl. & Pr. 983.

There are authorities, also, holding that the injunction still stands, although the order granting leave to amend is silent as to its effect upon the injunction.—*High, supra.*

Aside from this, interlocutory orders on injunctions, even if erroneous, which do not prejudicially affect the substantial rights of the complaining party, do not justify the reversal of the final judgment.—*Dunne v. Stotesbury,* 16 Colo. 89; *Roberts v. Arthur,* 15 Colo. 456; *Carson Mining Co. v. Hill,* 7 Col. App. 141.

And so, if it should appear that the judgment on the merits is correct, or that the court did not err in any of the proceedings had under the preliminary writ to the prejudice of defendant in the final adjudication, the question of whether or not the court erred in refusing to dissolve it is of no material moment.

Plaintiff filed an amended complaint within the time fixed by the court. Thereafter the defendant violated the injunction, and was cited for contempt. On hearing he was adjudged guilty, and a fine imposed. Counsel for defendant urges that because the demurrer had been sustained to the complaint on which the injunction was issued, the writ was of no further force or effect, and also contends that failure to obey a void writ is not contempt. Counsel for plaintiff suggests that these questions cannot be reviewed in connection with the final judgment, but are only reviewable in a special proceeding for

that purpose.   Waiving this proposition, we are of
the opinion that the court did not err in adjudging
the defendant guilty of contempt.   As above stated,
and for reasons there given, the injunction was still
in force, and although the complaint on which it was
issued may not have stated facts sufficient to justify
its issuance, it was not for that reason void.   The
case attempted to be stated by plaintiff belonged to
a class in which the court could grant equitable
relief, through injunctive process, and although the
complaint may not have stated facts sufficient to
justify its issuance, it was not void, and a violation
of its mandates was contempt. — *Tebbetts v. The
People*, 31 Colo. 461.

Over the objection of the defendant, plaintiff
was permitted to file a second amended complaint.
This, it is urged, was error, for the reason that
thereby an entirely different cause of action was
stated from that originally pleaded.   In the original
complaint it was alleged that plaintiff diverted the
waters of the stream through two ditches known as
the Long Branch, and Hill; that the water was di-
verted directly from the stream by the Long Branch
ditch, part of which was discharged into a reservoir
from which it was taken by the Hill ditch.   Accord-
ing to the averments of the second amended com-
plaint, the water was wholly diverted by the Long
Branch ditch.   Because of this difference between
the two complaints, it is contended that the cause
of action was changed, and that from the testimony
it appears the latter ditch was constructed after the
commencement of the action, which is a different
case from that originally stated.   The testimony
does not sustain this contention, but even if it did,
neither the second amended complaint nor the testi-
mony shows that the cause of action was changed
by the amended pleading.   The ultimate question

involved from the inception of the case was priority to the use of water from Long Branch Creek. The ownership of the conduits through which the water was diverted from the stream was not in controversy. A mere change in the averments with respect to the channel through which plaintiff conducted her priority did not change her cause of action. Both complaints, though differing somewhat in their averments, were directed to the same ultimate fact, namely, the prior right of plaintiff to the use of water from Long Branch Creek as against the right of the defendant to the waters of that stream; consequently, the amended complaint in question did not depart from the cause set up in the original complaint, although it may have appeared that subsequent to the commencement of the action the conduit through which the plaintiff conducted the water represented by her priority was changed.— *Davidson v. Fraser,* 36 Colo. 1.

Counsel for defendant urge upon our attention the proposition that even if the second amended complaint stated a new cause of action, the defendant waived the right to raise the question of departure by answering thereto, and going to trial on the merits. Authorities cited, namely, *Scovill v. Glasner,* 79 Mo. 449; *Grotte v. Nagle,* 69 N. W. (Neb.) 973; *Sauter v. Leveridge,* 15 S. W. (Mo.) 981, and *Grymes v. C. F. Liebke Hdwre. M. & L. Co.,* 85 S. W. (Mo.) 946, hold in effect, that when a defendant, instead of standing on an objection to an amended complaint or motion to strike, based upon the ground that it states a new cause of action, takes issue thereon and goes to trial, he waives the error, if any, in the respect named, for the reason, as stated, in substance, by some of the authorities discussing the question, the defendant should not be permitted to make the trial court a place of chance,

and then ask for a review when he has failed on another accepted issue. We do not deem it necessary, however, to express any opinion on this proposition, although it was referred to in *Messenger v. Northcutt,* 26 Colo. 527.

It is also contended that the second amended complaint does not state a cause of action. It is undoubtedly true, that in order to entitle plaintiff to the relief demanded, it must appear from the averments of her pleadings that she had a right to the water in controversy; that such right was prior and superior to that of the defendant; and that it was necessary to allege the facts upon which her claim to these rights was based. Without entering into details, we think it sufficient to say that the complaint fully complies with the rules of pleading in cases of this character.

On behalf of defendant it is also claimed that the evidence does not support the decree. The testimony is somewhat voluminous, and we do not deem it necessary to state it in detail. In substance, on behalf of plaintiff it is, that she and her predecessors in title had used for domestic and irrigation purposes a volume of water from . Long Branch Creek equal to that decreed her, each year since 1872 down to and including the year 1901, when the defendant attempted to totally deprive her of the right thus acquired by taking out a ditch above the headgate of her ditch. There is doubtless some conflict on this subject in the testimony of the witnesses for the respective parties, and as to whether the water in question was used during certain years; but there is nothing to establish an abandonment upon the part of plaintiff. Non-user of an appropriation of water is not, of itself, sufficient to establish abandonment. The intention to abandon must, also, be present.—*New Mercer D. Co. v. Armstrong,* 21 Colo.

357. The burden of proof to establish abandonment of a water right is upon the party asserting it.—*Platte Valley I. Co. v. Central Trust Co.*, 32 Colo. 102 —in this case, the defendant. Whatever conflict there was in the testimony bearing on the issues of fact between the parties, the trial court resolved in favor of plaintiff, and we cannot disturb these findings.

The decree is to the effect that plaintiff shall have the exclusive right to the use of one cubic foot of water per second of time from Long Branch Creek for domestic and irrigation purposes; that this right is paramount and superior to any claim or right to the use of the water of that stream by the defendant; that he shall not take any water from the stream which will result in depriving plaintiff of her rights as adjudged, and that he is forever enjoined and restrained from maintaining any dam or obstruction in the stream which interferes with the flow of water in its natural channel to the headgate of plaintiff's ditch, to the extent of the volume to which she is adjudged entitled. The decree then recites:

"It is further ordered, adjudged and decreed by the court, that the defendant Crum White shall have the right to use and flow through the headgate of said Long Branch Ditch No. 2, from said Long Branch, one cubic foot of water per second of time as of priority September, 1901, but that his use of said water shall not in any manner or way interfere with the use of water on the part of the plaintiff, as hereinbefore set forth."

It is urged on behalf of the defendant that this decree is erroneous, because the right to the exclusive use of water is not recognized, and that the decree does not designate the volume awarded for irrigation purposes, nor the amount for domestic use, and that the decree is not qualified in any man-

ner as to the time plaintiff shall have the right to the use of water for the purpose for which it is decreed. A right to the use of water is limited in time and volume to the extent of the needs of the party in whose favor such right is established for the purpose named. The law reads this limitation into decrees establishing such right.—*Medano Ditch Co. v. Adams,* 29 Colo. 317. With this limitation imposed by law, the gist of the decree is that plaintiff, as against defendant, is entitled to the prior use of water from the stream for domestic and irrigation purposes to the extent of one cubic foot per second of time when required to supply the needs of her rights as fixed by the decree, and that subject to these rights the defendant may divert the waters of the stream. In other words, the defendant is only enjoined from taking water from the stream when the same is required for use by plaintiff for irrigation or domestic uses, to the extent of the volume awarded her.

The judgment of the district court is affirmed.

*Affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE HILL concur.