[No. 7226.]

## SPRAGUE ET AL. V. STRATTON-MASSACHUSETTS GOLD MINES CO.

1. JUDGMENT—*Obtained by Fraud—Relief in Equity—Burden of Proof*—Where a judgment at law is assailed in equity for fraud and collusion in the procurement thereof, the plaintiff in equity is not re-

quired to assume the burden of disproving the justice of the plaintiff's demand in the action at law.

2. PRINCIPAL AND AGENT—*Duties and Disabilities of Agent*—The president and general manager of the corporation asserting a demand against it must proceed openly. A judgment obtained by him against the corporation, by collusion with the secretary, no other officer or director of the company being informed of the institution of the action, was vacated on bill brought by the corporation.

*Error to Chaffee District Court.*—Hon. LEE CHAMPION, Judge.

Mr. G. K. HARTENSTEIN, for plaintiffs in error.

Mr. M. B. CARPENTER, for defendants in error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Plaintiff in error, Sprague, brought a suit against the Stratton-Massachusetts Gold Mines Company on four causes of action: (1) For $4,750.00, salary due Sprague as general manager of the company; (2) for $5,252.00, money advanced and paid out by him for the use and benefit of the company; (3) for $2,000.00 due one Slocum, for attorney's fees for services rendered the company, assigned to Sprague; (4) for $2,000.00 due one Wood, for services as secretary of the company, and assigned to Sprague. Judgment was rendered in favor of Sprague by default, for the amount of the several causes of action set out in his complaint. Execution issued on this judgment, under which the property of the company was levied upon and sold to Sprague by the sheriff of Chaffee county. Defendants in error brought an action to restrain the issuance of a sheriff's deed to Sprague, and to set aside the judgment.

The trial court found that at the time the action of Sprague was instituted, he was president, general manager, treasurer, and a director of the company; that his suit was brought without knowledge of the other directors of the company, and that service in his action was made upon the secretary of the company, brought here from Massachusetts by Sprague, for that purpose, who upon his return to his home,

denied knowledge of the commencement of the action, or the service of the summons upon him, and that the other directors did not know the action had been instituted. The judgment was to the effect that the judgment entered in the Sprague action be set aside and held for naught; that the cause be reinstated on the docket, and sixty days allowed the defendant company to answer the complaint. The defendants have brought the case here for review on error.

By the complaint in the case it was charged that the Sprague judgment was obtained by collusion and fraud, and that the company was not indebted to Sprague upon the several causes of action set out in his complaint, or at least, not indebted on either of these causes of action in any material sum.

At the close of the testimony on behalf of plaintiffs, the defendants moved for judgment based upon the provisions of section 146 of our civil code (Mills'),—section 162, revision of 1908,—which provides, in substance, that an injunction shall not be granted to stay a judgment at law in a sum in excess of that which the complainant shall show himself equitably not bound to pay, and so much as shall be sufficient to cover costs. This motion was denied. Counsel for the defendants contends this ruling was erroneous, for the reason the testimony did not establish that Sprague was not entitled to a judgment for the full amount awarded him in his action. As previously noticed, the complaint in the case at bar chargees that the Sprague judgment was obtained by collusion and fraud. The court so found, and the testimony sustains this finding. In such circumstances, while it may be necessary for a party seeking to set aside a judgment in an action brought for that purpose, to aver non-liability in whole or in part for the indebtedness which is the basis of such judgment, he is not required to assume the burden of disproving such liability. In *Wilson v. Hawthorn*, 14 Colo. 530, it was held that in an action by a party to set aside a judgment rendered against him without jurisdiction over his person, he is not required to as-

sume the burden of disproving his liability for the indebtedness which was the basis of the judgment. A judgment obtained against a defendant corporation by collusion and fraud such as was found to exist by the trial court is, in effect, the same as though no service of summons had been made on the corporation. In such circumstances we think the corporation is not required to prove non-liability in an action to set aside such judgment, but is entitled to the maintenance of its right to defend against such supposed liability in an action, wherein its adversary must assume the burden of proof. This is the situation of the parties as fixed by the judgment of the trial court.

Several other propositions are urged by counsel for plaintiffs in error which we do not deem of sufficient importance to consider in detail. The relationship of Sprague to the company at the time he brought his action was such that it was his bounden duty to protect the rights of the company and act openly and above-board. By the judgment of which he complains he has been given the opportunity to prove the indebtedness sued upon in his action after answer filed by the company. This fully protects his rights, and he will not be heard to complain of rulings or matters occurring at the trial which did not deprive him of any substantial rights, when he has been afforded full opportunity to establish the indebtedness sued upon, and secure a judgment therefor after such defense as the company or those entitled to interpose a defense have been heard.

The judgment of the district court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE HILL concur.