## MALLAN v. HIGENBOTHAM ET AL.

Under Code Colorado, section 397, " every direction of the court made in writing, and not included in a judgment, is an order, and an application for an order is a motion;" and under sections 398 and 399 notice must be given of all motions in a case. Therefore it is error for a court, after the statutory time for answering has expired, to allow a defendant, without notice to the plaintiff, to withdraw a demurrer previously filed, and to file an answer and cross-demand to the complaint.

### *Error to District Court, Lake County.*

THE case is stated in the opinion.

Mr. ENOS MILES, for plaintiff in error.

Mr. E. M. HULBARD, for defendants in error.

STALLCUP, C. The main question raised by the assignments of error, and discussed and fairly presented for the opinion of this court by the briefs of the respective counsel, is whether there was error in the following proceedings of the district court, to wit: *First.* Was it error for the court, after the statutory time for answering the plaintiff's complaint had expired, and without notice to the plaintiff, to permit the defendants to withdraw their demurrer previously filed, and to file instead an answer to the complaint, accompanied by a cross-demand against the plaintiff? *Second.* Was it error for the court, on motion of the defendants, and without notice, to rule the plaintiff to reply to said answer and cross-demand within a stated time, and afterwards on like motion, and without notice, to enter the plaintiff's default for failure to comply with the rule, and thereupon to give judgment for the defendants for the amount of their cross-demand?

Section 397 of the code is as follows: "Every direction of the court made or entered in writing, and not included in a judgment, is denominated an order; an

application for an order is a motion;" and sections 398 and 399 require notice of all motions in a case, except those made during the progress of a trial, and provide how the same shall be given. We are not all of the opinion that an order and notice are necessary to authorize a party to withdraw his demurrer, and so dispose of it, and therefore do not determine the same. We are all of the opinion that after the withdrawal of a demurrer, after the expiration of the statutory time for answering, notice to the adverse party, as required by sections 398 and 399, is necessary to warrant the court in granting the motion for the order allowing the filing of an answer. It therefore follows that the order in this case granting the motion to file the answer and cross-demand was a necessary order, to be made upon motion therefor, and of which the plaintiff was entitled to notice as provided by sections 398 and 399, and the subsequent proceedings upon such answer and cross-demand, to and including the judgment against the plaintiff, were unwarranted, and therefore erroneous. *Cates v. Mack*, 6 Colo. 401.

The judgment should be reversed and the case remanded.

We concur: RISING, C.; MACON, C.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment of the district court is reversed and the cause remanded for a new trial.

*Reversed.*