R. L. McDonald (under the Name of R. L. McDonald
& Co.), Plaintiff in Error, v. P. W. Hallicy, De-
fendant in Error.

1. Amendment of Course.—A defendant may amend an answer which
   has been demurred to before trial of the issue of law, as of course
   and without entry of an order permitting it, provided he serve the
   opposite party with notice and copy of the amendment, as required
   by the civil code.   Otherwise the issue of law raised by the demur-
   rer is not disposed of, and a trial of the case would be irregular.
2. Error to Try Cause without Notice of Amendment.—A plaintiff
   who has appeared in an action, although a non-resident of the state
   and his attorney absent therefrom, is entitled to notice of the amend-
   ing of the defendant's answer, by service on the clerk of the court
   and it is error for the court, under such circumstances, and without

service of notice, to try the cause on the day the amendment is made, the plaintiff being thereby deprived of his day in court and opportunity to be heard.

*Error to County Court of Bent County.*

Mr. WILLIAM H. NASH, for plaintiff in error.

Messrs. STUART, MURRAY & ANDREWS, for defendant in error.

BISSELL, J. By this suit in replevin, under a claim of title and ownership, the plaintiff in error endeavored to recover from the defendant, Hallicy, the·possession or the value of a certain stock of goods. The suit was brought in April, 1889, and the defendant Hallicy appeared and answered on the 19th of April, following. The answer was in denial, and was demurred to by the plaintiff. No further action seems to have been taken in the suit by either party until Kiowa county was set off from Bent, as an independent organization. By the terms of the act, (Session Laws 1889, p. 223,) all suits pending in the county court of Bent county, where the cause of action arose within the territory set off, or where the defendant resided in that territory at the time of the division, were to be transferred to Kiowa county. After the passage of the act, and in October of that year, defendant, by his attorney, filed a motion to transfer this action to the county court of Kiowa county. It is not easy to determine the basis of the court's action upon that motion. It may be premised here for the purposes of this decision, that according to the stipulation of counsel and the certificate of the judge, the record which is sent up is a complete transcript of all the record in the case and contains copies of all the papers filed. There was no showing as to the residence of the defendant, or as to the locality in which the cause of action arose, but the order was made and the cause transferred to that county. Upon the arrival of the case within that jurisdiction, and upon the 18th day

of November following, the defendant filed what is termed
in the record an amendment to his answer.   The amendment
set up that the defendant was an officer, and had seized the
goods under certain writs of attachment issued out of divers
courts against one Graham, and that the property had been
taken under these writs as Graham's property, who was al-
leged to be the owner of it.   No motion was made for leave
to file this pleading, no leave was granted, nor is there any
recital in the amendment itself that it was filed in pursuance
of leave obtained for the purpose.   The demurrer was not
disposed of by order of the court, nor otherwise, unless it may
be said to have been withdrawn by the course taken by the
defendant.   On the day on which this amendment was filed
the cause was set down for trial and tried, and judgment
rendered for the defendant for $900.   The plaintiff after-
wards appeared and filed a motion to set aside the judgment
on recital and proof of these and various other irregularities.
The court denied the motion, and plaintiff brings the case
here, with a record disclosing this state of facts.   The other
irregularities apparent upon the face of the record are not
referred to, since they are unessential to the determination
of the controversy.   It is evident that the court erred in
overruling the motion to set aside the judgment, and that
the court was without power to try the case and enter judg-
ment at the time this action was taken.

The filing of the demurrer raised an issue of law, which in
the regular and ordinary course of proceedings must of ne-
cessity have been determined prior to the trial and rendition
of judgment.   There are but two ways in which that issue
could be disposed of ; first, either by the filing of the amend-
ment to the answer, which *ispo facto* would dispose of it,
or, second, by the entry of an order of the court in the pre-
mises, which would be a judicial determination of the issue.
So far as we know, the exact scope of section 73 of the Code
of 1887, has never been settled by a decision of the supreme
court.   The case which more nearly decides it than any
other is *Mallan v. Higenbotham et al.*, 10 Colo. 264.

In that case, however, the learned commissioners seem to have divided upon the proposition whether a defendant had power to withdraw his demurrer to the complaint and file his defense after the expiration of the statutory time within which he was permitted to answer. The court were agreed upon the proposition, that in order to file his answer after the expiration of the statutory period, a motion must be made upon notice to the other party. The present case presents directly neither of these features. Here the defendant answered within the proper period and the plaintiff demurred to the answer.

The question presented then is, may the defendant amend an answer which has been demurred to as a matter of course, and without the entry of an order permitting it. We are of the opinion that this right exists under that section, subject only to the service of the notice and a copy, as the statute plainly provides. The showing that the attorney of record had left the state, and the non-residence ·of the plaintiffs, in no manner releases the defendant from the duty of giving the statutory notice. It is needless to refer to the power conferred upon the court by section 372 of the Code, since this power is only a judicial one, and the rights of the party to the suit are to be ascertained by the provisions of section 380, under which the duty is cast upon the defendant to serve notice upon the clerk in case of the non-residence of the plaintiff, and the absence of his attorney from the state. Under these circumstances, since the amendment was filed on the 18th of November, and the cause was tried on the same day, it cannot be said that the plaintiff had his day in court, and the sentence of the court was pronounced without giving him an opportunity to be heard. *Yentzer v. Thayer et al.*, 10 Colo. 63.

The same difficulty arises if it be adjudged that the defendant was without power to confess the demurrer and file his amendment, because under those circumstances an order of the court was essential to eliminate the issue of law before a new issue of fact could be presented by an amendment to the

answer.   *Thorne v. Ornauer*, 8 Colo. 353; *Mallan v. Higen-
botham et al., supra; Gibson v. Smith*, 1 Colo. 7; *Sammis v.
Clark*, 17 Ill. 398; *Richeson v. Ryan et al.*, 15 Ill. 13.

No such order was ever entered, and the issue raised by
the demurrer was never disposed of by the court.   The trial
was had under circumstances which practically denied a
hearing to the defeated party, and the entry of judgment
against him under such circumstances cannot be sustained.

For these reasons this case must be reversed, with direc-
tions to the court below to set aside the judgment and per-
mit the plaintiff to reply to the amended answer which has
been filed, and for such other proceedings as may be neces-
sary under the law as it is here declared.

*Reversed.*