Thomson, J.,
delivered the opinion of the court.
On the 18th day of May, 1892, William Derry, plaintiff *110 below, recovered judgment against the defendant,-Charles E. Taylor, for $105. On the same day defendant prayed an appeal to this court, which was allowed, and sixty days given him within which to prepare and tender his bill of exceptions. On the 8th day of July, 1892, upon defendant’s motion, the court made an order extending this time thirty additional days. It appears from the record that no notice of the motion was given to the plaintiff or his attorney, and that the order was made exfarte. Section 372 of the Civil Code provides that written notice of motions shall be required in all cases, except those made during the progress of a trial. The sections following fix the time of notice before the hearing, and prescribe the manner of its service.
These code requirements are jurisdictional. Except upon proper notice, the court was without power to make the order; and, having been made ex parte, it is void. Mallan v. Higenbotham, 10 Colo. 264; Troth v. Crow, 1 Colo. App. 453.
The bill of exceptions was not tendered until the 8th day of August, 1892, long after the expiration of the time originally allowed for that purpose. The order, being void, did not operate to extend the time ; and the bill of exceptions is, therefore, improperly in the record. A motion in the court below to vacate the order was unnecessary. A jurisdictional question may be raised for the first time in the appellate court.
The case was commenced before a justice of the peace. There are no written pleadings to apprise us of the nature of the plaintiff’s demand. The bill of exceptions cannot be considered ; and as, therefore, none of the evidence in the case is before us,.we are bound by the presumption that the judgment is correct, and it is accordingly affirmed.

Affirmed.