### GREIG v. CLEMENT ET AL.

1. PLEADING—PROOF.

Upon issue joined upon a plea of justification by an officer, it is incumbent upon him to establish his official capacity.

2. PLEADING.

The fact that the words "deputy sheriff" follow the defendant's name in the caption of the complaint, does not make the action one against the defendant as deputy sheriff. The word "as" not preceding such designation, the presumption is that he is sued as an individual, and the words "deputy sheriff" are merely *descriptio personæ*.

3. SAME.

Such a pleading as an "Additional Answer" is unknown to the code, but where the plaintiff without questioning it by motion or otherwise in the first instance, joins issue thereon, it makes one of the issues of the case.

4. BILL OF EXCEPTIONS.

The failure to give notice of a motion for an extension of time in which to tender a bill of exceptions does not necessarily deprive the court of jurisdiction, although it may defeat jurisdiction in the particular case if an appropriate and timely objection be interposed. An objection on this ground after joinder in error and submission of the case upon its merits comes too late to be available.

*Error to the District Court of Garfield County.*

ACTION for claim and delivery of personal property.   Judgment for defendants.   Plaintiff brings error.

Max Morris, the owner of a certain stock of merchandise in the town of Glenwood Springs, in Garfield county, Colorado, executed a chattel mortgage to plaintiff in error, Greig, upon the property, to secure the payment of certain promissory notes executed by Morris and made payable to plaintiff in error, Greig.   This chattel mortgage contains the usual provision authorizing the mortgagee to take possession of the mortgaged property in case he should for any reason feel insecure or unsafe in his security, or in case the property should be attached or taken, or about to be attached or taken by a third party.

Certain creditors of Morris instituted suits against him and caused writs of attachment to be issued.   These writs in some way came into the hands of defendant in error Clement, the other defendant in error Kendall, being the sheriff of Garfield county.   Clement having served the writs upon the stock of merchandise covered by the Greig mortgage the action of replevin was brought by Greig against both Kendall and Clement.   The complaint and cause were entitled " Greig, plaintiff, v. J. F. Clement, deputy sheriff, and James C. Kendall, sheriff of Garfield county, Colorado."   A joint answer was filed on the part of the defendants in which, after putting in issue nearly all the allegations of the complaint, the defendants by way of further answer justified under the attachment writs.   This plea sets up, *inter alia :*

" That defendant James C. Kendall is and was at the time of the commencement of this action and at the time of the service of the writ of replevin herein and at all the times hereinafter mentioned the duly elected, qualified and acting sheriff of the county of Garfield and state of Colorado.

" That defendant J. F. Clement is and was at all of the said times herein mentioned a duly qualified and acting deputy sheriff of said county of Garfield.

" That on the 6th day of September, A. D. 1888, in a certain suit or civil action then pending in the district court of

the ninth judicial district of the state of Colorado, in and for the county of Garfield, wherein Samuel Butler and Isaac Butler, copartners doing business under the firm name and style of Butler Brothers, were plaintiffs and Max Morris was defendant, a writ of attachment duly issued out of said district court directed to the sheriff of said Garfield county, commanding him, the said sheriff, to attach and safely keep all the property of said Max Morris, defendant in said action, or so much thereof as might be sufficient to satisfy the demand of said plaintiffs in said action, which said demand was stated in said writ to be the sum of eight hundred and forty-one and $\frac{13}{100}$ dollars."

And after describing the attachment it is alleged:

" That the said three several writs of attachment came into the hands of said J. F. Clement, one of the defendants in this action, as deputy sheriff of said county of Garfield, to execute according to law.

" That by virtue of said several writs of attachment said defendant J. F. Clement, as such deputy sheriff as aforesaid, acting for and in the name of defendant J. C. Kendall, sheriff of said county of Garfield, did on the said 6th day of September, A. D. 1888, at the county aforesaid, take the goods and chattels mentioned and described in plaintiff's complaint herein and levy upon the same by virtue of the said several writs of attachment, as the property of the said Max Morris."

The replication to this answer contains the following, among other things:

" Plaintiff for reply to defendant's further answer to plaintiff's amended complaint—

" Admits that at the times mentioned in said further answer, James C. Kendall was the duly elected, qualified and acting sheriff of Garfield county, Colorado.

" Denies that at the times mentioned in said further answer, or at any other time, or at all, the defendant, J. F. Clement, was a duly or otherwise qualified and acting (deputy) sheriff of said Garfield county." * * *

" That as to whether the said three several, or any writs

of attachment came into the hands of defendant J. F. Clement, as deputy sheriff, or otherwise, this plaintiff has not, and cannot obtain sufficient knowledge or information upon which to base a belief—but this plaintiff avers the fact to be that the said J. F. Clement was not, at the time mentioned in said further answer, or at any other time, or at all, a deputy, or other sheriff of said Garfield county, lawfully appointed and qualified to act as such deputy sheriff.

"That as to whether the said defendant J. F. Clement took said goods and chattels as the property of said Max Morris, or otherwise, by virtue of said several, or other, writs of attachment or otherwise, and as to whether he was acting for said defendant James C. Kendall, or otherwise, this plaintiff has not and cannot obtain sufficient knowledge or information upon which to base a belief."

Mr. CHARLES H. TOLL and Mr. W. M. MAGUIRE, for plaintiff in error.

Messrs. THOMAS, BRYANT & LEE and Mr. M. J. BARTLEY, for defendants in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

By the pleadings the official character of the defendant in error, Clement, was put in issue by direct allegation and positive denial. To maintain the plea of justification it was therefore incumbent upon the defendants to establish such official character. They having failed to introduce any proof in support thereof, the plaintiff undertook to prove affirmatively that Clement at the time of the levy was not a deputy sheriff of Garfield county, but the court in response to objections interposed by the defendants excluded all evidence upon this issue. This ruling was based upon the assumption that plaintiff had sued Clement in his capacity as deputy sheriff and was for this reason estopped from denying that he was such an officer. Thereupon plaintiff asked permission

to strike out the words "deputy sheriff" after Clement's name in the caption of the amended complaint, this constituting the only reference in this pleading to the official character of the defendant. The motion was denied.

To sustain the plea of justification it is admitted that the official character of Clement is material, but it is argued here, as in the district court that proof of such character was not necessary for the reason as it is claimed that plaintiff had sued him as deputy sheriff. The premise upon which the argument is founded is unsound. The fact that plaintiff in the caption of his complaint follows the name of this defendant by the words "deputy sheriff" does not make the action one against the defendant as deputy sheriff. The word *as* does not precede such official designation and in its absence the presumption is that he is sued as an individual and that the words "deputy sheriff" are merely *descriptio personæ.* *Fryer v. Breeze*, 16 Colo. 323.

There is, as we have said, nothing in the body of the complaint to charge him in any official character whatever, and taking the answer and replication we find a distinct issue made upon the official character of this defendant. We have then in addition to the presumption arising from the omission of words showing that Clement is charged as deputy sheriff, which have been held necessary to indicate that the party is sued in an official capacity, a direct issue in the pleadings upon the very point in controversy, *i. e.*, as to whether Clement in seizing the chattels was acting in an official capacity. This was material and essential to the plea of justification. In the absence of proof showing his official character the plea is not sustained. For this error the judgment must be reversed and the cause remanded.

In view of a new trial we deem it necessary to notice a question of pleading raised by the record. This relates to what is termed an "additional answer." Such a pleading is unknown to the code, but as the plaintiff without questioning the pleadings by motion or otherwise in the first instance,

joined issue thereon, the court properly held the issue thus made as one of the issues in the case.

The other rulings complained of are not such as are likely to arise upon a new trial and need not be considered.

Judgment reversed.

*Reversed.*

### OPINION UPON PETITION FOR REHEARING.

CHIEF JUSTICE HAYT delivered the opinion of the court.

The petition for a rehearing is based upon the claim that there is no bill of exceptions properly before the court for its consideration. As the judgment of reversal heretofore rendered is based upon errors brought before the court by this means alone, the validity of the bill of exceptions is of primary importance.

The contention of counsel is based upon the fact that the time for signing the bill was extended without notice, after the district court had lost jurisdiction of the case, as it is claimed. The case of *Taylor v. Derry*, 4 Colo. App. 109, is relied upon in support of this proposition. In that case it was held that an order made without notice extending the time for filing a bill of exceptions, is absolutely void, and beyond the jurisdiction of the court to make.

The facts in that case were as follows: On the 18th day of May, 1892, the plaintiff recovered a judgment. On the same day an appeal was allowed and the defendant given sixty days within which to prepare and tender his bill of exceptions. On the 8th day of the following month of July, upon defendant's motion, an order was made extending the time thirty additional days. This order was made *ex parte*, and without notice to plaintiff or his attorney. A bill filed within the time as extended was stricken out in the appellate court upon motion of appellee. The motion in that case was made promptly upon the case reaching the higher court. In this partic-

ular the case is essentially different from the one now under consideration.

In this case the defendant in error appeared and moved to dismiss the writ of error on the ground that plaintiff in error was not the real party in interest. This motion was withdrawn by stipulation of counsel; and the defendant in error entered a general appearance and filed written briefs upon the merits of the case. In these briefs no exception was taken to the correctness or proper authentication of the bill of exceptions, but the same was treated throughout as properly a part of the record.

Afterwards the case was set down for oral argument. Upon such argument objection to the bill of exceptions was made for the first time. Assuming that the action of the district court or judge in extending the time was irregular, the irregularity was certainly waived by defendant in error, if it was within his power to do so; and the existence of this power must be upheld upon both principle and authority. Without doubt the case of *Taylor v. Derry*, *supra*, was correctly decided, but in saying that the code requirements as to notice must be complied with to give the court jurisdiction is at best true in a qualified sense only.

Two cases are cited in support of the opinion and an examination shows that neither goes to the extent of holding that the jurisdiction of the court depends upon a notice of a motion. In the first, *Mallan v. Higenbotham et al.*, 10 Colo. 264, the defendants were allowed in the lower court, without notice to plaintiff, to withdraw a demurrer previously filed, and to file instead an answer to the complaint, accompanied by a cross demand against the plaintiff. The court thereupon entered a rule for plaintiff to reply to said answer and cross demand within a stated time. And afterwards, on like motion and without notice, the court entered the plaintiff's default for failure to comply with the rule, and gave judgment for defendants for the amount of their cross demand. Upon a reviewing of these proceedings this court held that under these circumstances the judgment was unwarranted and er-

roneous; but this cannot be construed as an authority in support of the conclusion that the district court was without jurisdiction to enter the order complained of.

Can it be doubted that if the plaintiff had complied with the order and filed a replication, that the court would have had jurisdiction to have proceeded and determined the case upon its merits?

The other case relied upon is that of *Nevitt v. Crow,* 1 Colo. Appeals, 453. The point determined in that case, so far as the case has any application to the present controversy, is that the code provision requiring every order entered by court other than during the trial of a cause, to be made upon motion, is mandatory, and, consequently, that an order obtained upon motion of one party, and without notice to the opposite party, shortening the time to take a deposition, was irregularly executed, and a motion to suppress the deposition for that reason should have been sustained. In both of these cases orders made without notice are treated merely as irregularities, and certainly such irregularities may be waived.

The early case of *Murphy v. Cunningham,* 1 Colo. 467, is directly in point. The record showed affirmatively that the bill of exceptions was not filed until the lapse of nearly sixty days after the adjournment of the term at which the judgment complained of was rendered, and the record failed to show that time was given to present such bill of exceptions. But as the defendant in error joined in error in this court, and assented to the submission of the cause upon written arguments, the court held that it would assume that all matters appearing in the transcript were properly before the court. The decision has never been modified or reversed and it is conclusive against the position taken by the defendant in error in this case.

The failure to give notice when required by the code provisions in reference to motions does not necessarily deprive the court of jurisdiction, although it may defeat jurisdiction in the particular case, if there is an appropriate and timely objection interposed. Elliott's Appellate Procedure, sec. 503.

The objection to the bill of exceptions came too late in this case to be available. The petition for a rehearing will be denied.

*Rehearing denied.*