[No. 3667.]

GREIG v. WARE.

1. PRACTICE—REPLEVIN—NEW BOND—STRIKING OUT PLEADINGS.

In an action of replevin where the property has been delivered to the plaintiff, if the bond is for any cause insufficient, the court should order the plaintiff to file a new bond, and if the new bond is not filed within the time fixed, the property should be ordered returned to the defendant; and obedience to the court's orders may be enforced by proper penalties, but the court has no authority to punish the party for failure to file a new bond by striking his pleadings from the files, and depriving him of a trial upon the merits of the case.

2. PRACTICE—REPLEVIN—SUBSTITUTION OF PARTIES.

In an action of replevin against a sheriff for wrongful attachment of property, the action was against the individual and not the office, and the officer's term having expired, it was error to substitute his successor in office as a party defendant.

*Error to the District Court of Garfield County.*

THIS action was originally commenced by Greig, plaintiff in error, against J. F. Clement and J. C. Kendall, to recover possession of chattels, and damages for their alleged wrongful detention by these parties. At the instance of Greig a writ of replevin issued, by virtue of which the property was de-

livered to him.   In the caption to the complaint, these defend-
ants were respectively designated deputy sheriff and sheriff
of Garfield county.   The plaintiff claimed these goods as the
mortgagee of one Max Morris, whose creditors, subsequent
to the execution of the mortgage, commenced action against
him, and secured writs of attachment under which the goods
in controversy were seized by Clement, deputy sheriff, pur-
porting to act for Kendall, sheriff.   For answer these parties
justified the seizure of the property in question under the writs
of attachment, and averred that at the time of such seizure
they were respectively deputy sheriff and sheriff.   April 12,
1895, on the application of these defendants, plaintiff was
ruled to file a new replevin bond by the first of September
following.   The application for this rule was supported by
affidavits touching the alleged insolvency of the sureties on
the original bond, the only showing in opposition to this ap-
plication being that plaintiff was then in England.   Decem-
ber 4, 1895, on motion of Kendall, the present defendant in
error was substituted as sole defendant in the action, the
ground of this motion being that Kendall had ceased to be
sheriff; that Clement was dead; and that Ware, the present
defendant in error, was then the sheriff of Garfield county.
Plaintiff had not complied with the order of April 12, rela-
tive to a new bond, and after Ware was substituted as de-
fendant, he moved for an order, striking the pleadings of
plaintiff from the files, for the reason that he had failed to
file the bond as ordered.   The motion was sustained condi-
tionally, time until February 15, 1896, being given within
which plaintiff might comply with the order of April 12, and
the cause set for further hearing February 28, 1896.   On this
latter date, plaintiff still being in default as to the filing of
the bond, on motion of Ware the pleadings of plaintiff were
stricken; and on a hearing then had, in which plaintiff was
precluded from offering evidence, although permitted to cross-
examine the witnesses produced by defendant, judgment was
rendered for the latter.   Plaintiff brings error.

Mr. CHARLES H. TOLL and Mr. WILLIAM R. BARBOUR, for plaintiff in error.

Mr. J. E. ROBINSON, for defendant in error.

MR. JUSTICE GABBERT delivered the opinion of the court.

On the foregoing record plaintiff assigns numerous errors, but a consideration of the following propositions will be sufficient for a determination of the case:

*First.* Power of the court to require plaintiff to file a new replevin bond, and enforce obedience to such order in the manner adopted by the trial court.

*Second.* The regularity of the proceedings, substituting Ware as defendant.

The issuance of a writ of replevin in advance of a judgment settling the rights of the parties in an action for the claim and delivery of personal property is a provisional remedy, which can only be invoked in the manner provided by the code on this subject. Before such writ can be issued, a bond must be filed. Under such writ the party at whose instance it is issued is entitled to the possession of the property, taken under the writ, pending the trial of the cause upon its merits, unless defendant chooses to give what is termed a "re-delivery bond." The object of the bond required before the writ issues, is for the protection of the defendant in the action. The code also provides that when any undertaking given in an action of replevin is insufficient, a new one may be ordered filed within such time as directed, and upon failure to comply with such order, the court shall direct the return of the property to the adverse party pending trial. A party at whose instance a writ of replevin issues cannot retain possession of the property taken by virtue of such writ during the pendency of the action, unless he keeps his security good; and it therefore becomes imperative upon the court in which such suit is brought, or may be pending, if the bond given is insufficient for any reason, upon

showing to that effect, to require a new one, and the party
so ordered cannot complain unless it should appear that the
bond for which another was ordered, was sufficient. That
is not the condition here, for an examination of the record
discloses that the application for a new bond made at the
instance of the original defendants, fully authorized the or-
der made in this respect, and no excuse offered by plaintiff,
or which he could offer, justified, or could justify, his failure
to comply with this order, unless it might be insufficiency of
time in which to comply therewith; but that, however, he
does not claim was the case, so the next question to consider
is the authority of the trial court, as a penalty for such fail-
ure, to order his pleadings stricken from the files, and pro-
ceed to hear the cause upon its merits, without permitting
him to offer evidence, although allowed the privilege of cross-
examining the witnesses produced by defendants. In the
former opinion filed in this court, it was held that the court
could enforce obedience to its order, requiring a new bond,
in the manner it did. Upon petition for rehearing by plain-
tiff in error, the correctness of this holding is challenged. A
further examination of the authorities then cited in support
of the ruling made on this question, and especially of *Hovey
v. Elliott*, 17 Sup. Ct. Rep. 841, where the authorities cited
in our original opinion and others on the same subject are
exhaustively reviewed, we conclude that while a court has
the inherent power to enforce obedience to its orders, under
pain of a proper penalty, it has not the authority to punish
a party for disobedience to such orders in a manner which
results in depriving him of a trial of the cause in which such
orders are made, upon its merits. It is contended by coun-
sel for defendant in error, that the proceedings had and judg-
ment rendered in the trial court did not amount to a disposition
of the action upon its merits. This view is not sustained by
the record, because the judgment pronounced in the action
is one which purports to finally determine the rights of the
parties to the subject-matter in dispute; and if there was
error in the proceedings which may have influenced the re-

:sult, plaintiff in error is entitled to have such proceedings reviewed. We are of the opinion that the order of the court, ·striking the pleadings of plaintiff from the files, and precluding him from offering evidence in support of his alleged rights to the property, was erroneous, because he was thereby ·deprived of such rights "without due process of law." *Hovey v. Elliott, supra.*

In our former opinion the cause was reversed for the reason that Ware was improperly substituted as a defendant in the action. Under the facts as disclosed by the record, whether ·or not such substitution could be made becomes of supreme importance, and counsel for defendant in error also petition for a rehearing on this proposition, and in his brief in support ·of the application, says, in effect, that he understands the ruling of the court to be based upon the fact that the case being one for unlawful seizure of property, the defendants ·originally sued became liable in their individual, and not in their official, capacity, and that when a substitution became necessary, their personal representatives should have been substituted, and the action being one in tort, their official successor had no interest in the litigation, and could not make himself liable for the personal torts of his predecessors. This view he admits is undoubtedly sound, but questions its application to the facts in this case, because the possession of the property did not remain with the original defendants, and that they sought to obtain a return thereof by reason of their seizure of such property under writs of attachment, and therefore, became actors in the controversy, and sought to establish their right to the possession of such property in their official capacity ; and their term of office having expired, their successor, by virtue of his office, became entitled to the possession of such goods in the event they were successful, and it was, therefore, proper to substitute him as the defendant in the action. We do not understand that the property being in the possession of the plaintiff instead of the original defendants at the time of the substitution, would make any difference in regard to the question of substitution,

because the former was still seeking to enforce his rights. against them as individuals, and not as officials.

Again, the plaintiff claimed damages from the original de-· fendants on account of their alleged wrongful seizure of the property, and that claim, over their objection, they could. not be compelled to establish as against another. Had they given a redelivery bond, and been in possession of the prop-· erty at the time their terms of office expired, with this litiga-· tion still pending, we do not understand that they would have been required to turn over this property to their succes-· sor in office. True, after they ceased to be officers, they could make no disposition of the property under any process. from the court, but that in no manner determines their right, to the possession of the property after they ceased to be offi-· cers, for in this action they seek to avoid a personal, and not, an official, liability growing out of their seizure of such property. They were originally sued as individuals. This. was determined by the former decision in this case, in *Greig v. Clement*, 20 Colo. 167. Ware was substituted in his indi-· vidual capacity; he could not have been substituted in any other, because the action was not against his predecessor,. Kendall, in his official capacity. The object of the action was to establish a personal, and not an official liability against. the original defendants, and any judgment obtained against them could only have been satisfied out of their individual property. The action did not abate by the expiration of their term of office, and could have been brought against them· after they had ceased to be officers, as well as before. *Still-· man v. Squire*, 1 Denio, 327. When Ware succeeded Ken-· dall, he did not thereby become liable in any capacity for the· seizure of these goods by his predecessor. No action could. have been maintained against him for these acts; nor as an individual did he succeed to any interest in the subject-mattter· of the controversy, and the fact that Kendall's term of office· had expired before the cause was tried, did not relieve him, from his personal liability, nor could he shift that responsibil-· ity upon another, even by consent of one willing to assume,

such liability over the objection of the plaintiff. If plaintiff had sought to have the present defendant in error substituted for the original defendants in the action, he could have successfully resisted such application upon the ground that he was in no manner concerned in the subject-matter of the controversy, not responsible for the alleged wrongful acts of his predecessors, nor for damages growing out of such acts, and if he could not have been substituted over his objection, on motion of plaintiff, he cannot compel the latter to now accept him as a defendant in lieu of the original ones in the action.

The test to apply, by which to ascertain who are proper parties to substitute in a pending action, when conditions arise necessitating substitution, is, who has succeeded to the interests of the original parties, in whose stead others are to be substituted?

The former opinion in this cause is withdrawn, and petitions for rehearing denied. The judgment of the trial court is reversed, and the cause remanded.

*Reversed and remanded.*