[No. 3719.]

KING ET AL. v. GARDNER ET AL.

PLEADING AND PRACTICE—DEMURRER—AMENDMENT.
Under sec. 73, code, after a demurrer was filed to a complaint and before the issues of law were heard, the plaintiff had a right to amend his complaint as of course, and if in vacation, no other notice of the filing of such amended complaint was required except to serve defendant with a copy within ten days after the filing thereof. And without further notice or order of court defendant was required to plead to such amended complaint within ten days after service thereof. After the expiration of ten days from service of the amendment plaintiff was entitled to a default and the fact that the court extended the time for the defendant to plead did not make any further notice necessary.

*Error to the County Court of Lake County.*

Mr. JAMES GLYNN, for plaintiff in error.

Mr. R. D. McLEOD, for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

To reverse a judgment against them, the plaintiffs in error, defendants below, assign and argue two alleged errors of the trial court:

*First,* that no notice that the second amended complaint was, or would be, filed was given them.

*Second*, that no notice was given them of the application of the plaintiffs, the defendants in error here, for an order requiring them to plead to said complaint.

The record discloses that to the first amended complaint the defendants demurred. Before any trial of the issue of law thereby raised, the plaintiffs confessed the demurrer, and filed a second amended complaint; and within ten days served a copy thereof upon the attorney for the defendants. Thereafter, on plaintiffs' application, an order, whether with or without notice to defendants does not appear, was entered, requiring them to plead within ten days to the second amended complaint. The defendants did not plead thereto, either within ten days after service of the copy as aforesaid, or within the ten days fixed in the order. For this failure their default was entered, and judgment rendered against them. Section 73 of the civil code, which covers this case, is as follows :

"Sec. 73. After the demurrer, and before the trial of the issue of law therein, the pleadings demurred to may be amended as of course, and without costs, by filing the same as amended and serving a copy thereof on the adverse party or his attorney, within ten days, who shall have ten days thereafter in which to demur or answer thereto, if in vacation; but if during the term of court, the court shall fix the time by order to expedite the trial, but the party shall not so amend more than once. A demurrer shall be deemed waived by the filing of an answer or reply to the same cause of action or defense."

Under this section the plaintiffs clearly had the right, if in vacation, to file an amended pleading as of course, by duly serving a copy on the adverse party or his attorney, and the defendants must plead thereto without an entry of an order by the court so directing. *McDonald v. Hallicy*, 1 Colo. App. 303.

In the opinion in that case it was said that a notice was also necessary. There may be some indefiniteness as to what was intended thereby, but we think the learned writer of the

opinion had in mind notice of the motion for an order shorten-
ing the time for pleading, as the court was then in session;
or it may be that the notice referred to was the notice of
motion setting the case for trial; and in either event, the
decision of the learned court was right upon the record before
it.    In favor of the regularity of the proceedings below, we
have a right to presume that the filing of the amended com-
plaint was in vacation, as the contrary is not made to appear.
We are of opinion, therefore, that the plaintiff was not obliged
to give any notice to defendants that a second amended com-
plaint was, or would be, filed.    His right to file the same was
conditioned only upon serving a copy of the amended plead-
ing on his adversary, which he did within the time fixed by
the statute.    The fact that subsequently the court made an
order extending the time for defendants to plead thereto is
entirely immaterial, though under the doctrine of *Evans v.
Young*, 10 Colo. 316 (see also 6 Enc. Pl. & Pr. p. 55), we
might indulge the presumption in favor of the regularity of
the proceedings below, that the required notice was given.
But we are not obliged to rely on a presumption merely.
For another reason the defendants may not be heard to com-
plain.    The statute itself prescribes the time within which
the defendants were required to plead, and no order of court
was necessary therefor.    It clearly appearing that they did
not plead within the statutory time, their failure in that
respect worked a default.    The order of the court requiring
them to plead within ten days may therefore be altogether
disregarded, and the entering of default and the subsequent
rendition of judgment vindicated solely upon the ground
that defendants failed to plead in accordance with the provi-
sions of the statute.

It satisfactorily appearing to us that no prejudicial error
appears in the record, the judgment should be affirmed; and
it is so ordered.

*Affirmed.*