Gunter, J.
The facts material to this ruling are:
February 8, 1893, The East Side Improvement Company while owner in fee and in possession of certain lots in Malone and Du Bois subdivision, Arapahoe county, Colorado, made an agreement with David R. McCurdy, to convey to .him these lots. McCurdy thereupon assigned this agreement to Clementina McCurdy, who April 8,1893, contracted *367 to borrow $5,000 from one Miller for the purpose of constructing a house upon the lots. This contract, in the nature of a mortgage, Miller assigned, July 1, 1893, to appellee Du Bois. The house valued at $5,000 was built. March 23, 1894, Clementina McCurdy, by quitclaim deed, conveyed all her interest in the premises to Du Bois. May 23, 1894, Vote & Company filed a mechanic’s lien upon the premises, claiming $115 for material and labor. August 22, 1894, suit was instituted in the district court of said county to enforce the lien wherein Vote & Company were plaintiffs, C. T. Liver-more, A. J. Mayne, Schmitt & Gorgas, Bradford H. Du Bois and The East Side Improvement Company were defendants. C. T. Livermore and A. J. Mayne were alleged to be the principal contractors at whose instance the work was done and materials furnished for which lien was claimed. Schmitt & Gorgas were made defendants from some supposed interest in the premises sought to be reached by the lien. October 8, 1894, a decree was entered embodying a personal judgment against C. T. Livermore and A. J. Mayne for $154.55, together with costs, and declaring a lien for such amount against the premises and ordering a sale thereof. Sale was made November 13, 1894, to G. E. Vote, member of the firm of Vote & Company, for $177.60; certificate of sale issued, followed by sheriff’s deed to Vote August 15,1895. July 28, 1896, Vote, by warranty deed, conveyed the premises to appellant, Emma E. Ward. On, same date Emma E. Ward made her trust deed to appellant, Keely, to secure a previously existing, indebtedness. The sheriff’s certificate and the deeds were duly recorded. May 18, 1897, appellees, The East Side Improvement Company and Du Bois began suit in the district court of said county to set aside the return of service on the summons in the lien suit,, the decree, the certificate of sale and deed issued therein; also the warranty deed from Vote to appellant Ward and the trust deed to appellant Keely; alleging, as ground therefor, that the court at no' time had jurisdiction of the person of any one of the defendants in the lien suit. There was no effort to acquire *368 jurisdiction in the lien suit other than by personal service. Defendants below in the present suit were Vote & Company, Burchinell as sheriff, G. E. Vote and appellants Ward and Keely. October 25, 1898, applications of Mayne, Livermore and Schmitt & Gorgas to be made parties plaintiff herein were granted. October 25, 1898, the cause was tried to the court which found the issues for the plaintiffs, finding specially that the return upon the summons in the lien suit was not made by an officer; that no one of the defendants therein was ever served with summons or ever appeared in any manner therein; that neither Du Bois nor the East Side Improvement Company knew of the decree in the lien suit until long after the deed from Yote to Mrs. Ward and the Keely trust deed; that neither of the other defendants therein knew of such decree until about October 11, 1898. There was no change in the ownership, or in the condition of the property during the ten months intervening between the date of the sale to Emma E. Ward and the institution of this suit.
The court below for the reason that the court in the lien suit was without jurisdiction of any one of the defendants therein gave judgment canceling the return on the summons, setting aside the decree, the certificate of sale and deed in the lien suit; also the warranty deed from Vote to Emma E. Ward and the Keely trust deed.
Appellants Keely and Ward are the only parties complaining, by this appeal, of the decree below. Was substantial error committed as to them ? They say there was and contend :
1. That the complaint herein is fatally defective in not alleging that a defense existed to the lien suit, that the evidence herein was sufficient in that it failed to establish such defense.
The facts in this case are not within the rule sought to be invoked. A decree was entered subjecting the property of appellees Du Bois and The East Side Improvement Company without jurisdiction of them, and without notice to them their property was sold and deeded away. In a proceeding to set *369 aside a judgment, and deeds thereunder, with facts as to the point before us substantially the same as in this case, the court said:
“ Before a man’s, property is sold and deeded away, he should have an opportunity to pay the debt or redeem the property from sale. This right to redeem is a valuable right, secured by positive statutory enactment; which right, in this case, was denied appellant, and its property sequestered without notice to it. Under these circumstances we believe that courts of equity should grant appropriate relief without inquiry as to the merits of the original claim.” Great West Min. Co. v. Woodmas of Alston Min. Co. et al., 12 Colo. 60; Du Bois v. Clark, 12 Colo. App. 220-232.
In certain cases where the defendant has sustained no prejudice by the judgment, as where the plaintiff has not gone further than to recover only a money judgment against the defendant, the courts have held that such defendant in his petition to set aside the judgment might be required as an earnest of good faith to allege that a defense existed to the original action, but that such allegation, should the court require it, is not traversable. Such is the rule announced in Wilson v. Hawthorne, 14 Colo. 530-534, the court saying:
“ The showing of merits should not be required to the extent of compelling a party against whom a judgment has been obtained, without jurisdiction over his person, to come into a court of equity and assume the burden of disproving his liability. On the contrary, a party' thus circumstanced is entitled to the maintenance of his right to defend against such supposed liability in an action where his adversary must assume the burden of proof. * * * The allegation of merits, though not traversable, may very properly be required as an earnest of good faith from the party seeking relief from a supposed unauthorized judgment; * * * ” See also State Board of Agriculture v. Meyers, 13 Colo. App. 500.
Even were such rule applicable to the facts in the present case, it has been satisfied by the allegations in the complaint. Abstract, folios 17, 18.
*370 II. Appellees contend, that the evidence is insufficient to sustain the finding of the court of no service. The courts of this state have been long and consistently committed to the rule that when the evidence is sufficient to convince the court that no service has been obtained, it will set the service aside and vacate the judgment rendered thereon, this relief being sought in direct proceeding.
Great West Min. Co. v. Woodmas of Alston Min. Co. et al., supra, was a proceeding to set aside a judgment and sales to third parties made thereunder in a proceeding wherein there was no service, or authorized appearance, of defendants in the original action; this involved a contradiction of the return of the sheriff and a vacating of same. The court held that the action would lie.
Wilson v. Hawthorne, supra, was a direct proceeding to set aside a judgment in which it was alleged there had been no service of the summons and no authorized appearance. It was not alleged that the plaintiff in such original proceeding was a party to the legal fraud; it was held that the proceeding would lie.
Du Bois v. Clark, supra, was a proceeding to set aside the return of service and a judgment rendered thereon. The return showed personal service by the sheriff through his undersheriff ; the record also recited the appearance by counsel. The court being satisfied from the evidence that the return was false, such evidence possessing no other requirement than being convincing, granted the relief. It further held that it was not necessary to show misconduct of plaintiff in obtaining the false return. See also Smith v. Morrill, 12 Colo. App. 233.
There was substantial evidence in the court below that no one of the defendants in the lien suit had ever been served with summons, that no one of them had ever appeared, and that no one of them knew of the proceeding until long after the muniments of title hereby assaulted were made and the court so found. By such finding we are concluded.
III. Appellants contend that appellees are guilty of laches *371 precluding relief herein. The sheriff’s deed was made July 28,1896; on same date was made the deed to Emma E. Ward, and trust deed to trustee Keely. It was not until considerable time thereafter that appellees Du Bois and The East Side Improvement Company had any knowledge of such sale and deeds, or of any of the facts leading up to the same. On May 18, 1897, they instituted the present suit. Appellees do not appear to have been guilty of any negligence in being ignorant of the above sales. There does not appear to have been any unreasonable delay after knowledge of the sales in bringing suit to vacate same; there was no change whatever in the status of the property as to ownership, or otherwise, between the date appellees obtained such knowledge and the institution of the present suit; such facts do not constitute laches. Du Bois v. Clark, supra; Smith v. Morrill et al., supra.
The fact that Vote redeemed the land in question from a tax sale is no defense to this action. Judgment affirmed.

Affirmed.