[No. 2397.]

SYMES, ADMINISTRATRIX OF THE ESTATES OF SYMES, V. CHARPIOT AS ASSIGNEE OF THE DENVER CARRIAGE COMPANY.

1. **Judgments—Action to Vacate—Direct Attack.**

An action brought in the court where a judgment was rendered to vacate such judgment on the ground that no notice or summons was served on the judgment defendant, is a direct attack on the judgment sought to be vacated.

2. **Same—Pleading—Estates of Decedents.**

Where a defendant in an action died pending the action, and his administratrix was substituted and judgment entered against her as such administratrix without any notice or summons having been served upon her and without any appearance by her in the action, in an action by her in the same court to vacate such judgment, an allegation in her complaint of a meritorious defense to the action in which the judgment was rendered is not essential.

3. **Judgments—Parties—Substitution of Administrator—Notice.**

Where a party defendant died pending suit, and his administratrix was substituted as party defendant, and judgment rendered against her without any notice or summons having been served on her and without any appearance by her in the action, the judgment was void.

*Error to the District Court of Arapahoe County.*

Mr. OSCAR REUTER, for plaintiff in error.

Mr. HENRY CHARLES CHARPIOT, *pro se.*

GUNTER, J.

Suit was against the principal and sureties upon an official bond. Among the sureties was G. G. Symes. Defendants answered. Thereafter Symes died. This order was made: "At this day comes William M. McGuire, an attorney of record herein, and suggests to the court the death of the defendant, G. G. Symes, and on his motion it is ordered by the court that the executrix, Sophie F. Symes, be substituted party defendant in place and stead of G. G. Symes, deceased."

Sophie F. Symes received no notice of the application for this order. Judgment was taken against the defendants and Sophie F. Symes as administratrix of G. G. Symes. This judgment was vacated on application of plaintiff therein, dismissal entered as to all other defendants and judgment rendered against Sophie F. Symes as administratrix.

At no time was notice or summons served on the administratrix making her a party to the action. At no time did she in person or by counsel appear therein.

The present action was a proceeding in the district court of Arapahoe county, wherein the above judgment was rendered, to vacate the same; from a judgment dismissing the action plaintiff therein is here on error.

Defendant in error contends:

1. This is not a direct attack upon the judgment assaulted. The contrary is ruled in *Wilson v. Hawthorne,* 14 Colo. 530, 24 Pac. 548.

2. The failure of the complaint herein to allege that a meritorious defense exists to the action in which judgment was rendered, is fatal to its stating a cause of action.

That such averment is not essential is decided in *Wilson v. Hawthorne, supra; Keely et al. v. East Side Improvement Co.,* 16 Colo. App. 365, 65 Pac. 456, 3 Colo. Dec. 457.

3. Plaintiff in error contends the failure to bring the administratrix into court by notice or process of some character is fatal to the judgment rendered against her.

The question presented is, not whether a judgment against deceased taken after death is void, but whether a judgment taken against his personal representative without acquiring jurisdiction of her person is void. It is immaterial what the rule was at

common law as to death abating an action, our code prescribes—section 15—''An action shall not abate by the death * * * of a party * * * if the cause of action survive * * *. In case of the death * * * the court on motion may allow the action to be continued * * * against his representative * * * .''

The code here prescribes the terms upon which the personal representatives may be made a party, that is, by an order made on motion. Such order is void unless made on notice.—*Taylor v. Derry,* 4 Colo. App. 109, 35 Pac. 60.

No notice of the order making the administratrix a party having been given, it is void.—*Taylor v. Derry, supra.*

As the administratrix was never in any manner a party to the action in which the assaulted judgment was rendered the judgment therein against her was void.

Judgment below reversed.

### On Rehearing.

GUNTER, J.

Pending an action against G. G. Symes, and after issue joined, he died. Plaintiff in error became his administratrix. Thereafter, without her appearing, being noticed or summoned, an order was made continuing the action against her as administratrix, and judgment had against her as such. Was this a valid judgment?

''It is a familiar and universal rule that a judgment rendered by a court having no jurisdiction, of either the parties or the subject-matter, is void and a mere nullity, and will be so held and treated whenever and for whatever purpose it is sought to be used or relied on as a valid judgment.''—Black on Judgments, § 218; see also *Smith v. Morrill et al.,* 12 Colo.

App. 233, 236, 55 Pac. 824; *Great West Min. Co. v. Woodmas of Alston Min. Co.*, 12 Colo. 46, 20 Pac. 771; *Wilson v. Hawthorne, supra.*

The reason for this rule is the right of opportunity to be heard before interests are adjudged. Such reasoning and rule apply to the present case. By operation of law the administratrix (plaintiff in error) was liable for certain of the alleged obligations of the deceased. For such as were not binding upon the deceased, for such as did not survive she was not liable. When sued upon an alleged liability she had a right to the opportunity of availing herself of the above defenses, or any other defense she might have had before being judicially declared liable, and thereby concluded as to her defenses except those jurisdictional. This right was not accorded her; the court never had jurisdiction of her. In consequence the judgment rendered against her was invalid. This was our conclusion in the original ruling, and as this remains unchanged, the petition for rehearing will be denied.                                        *Denied.*