Gunter, J.
Suit was against the principal and sureties upon an official bond. Among the sureties was G. G. Symes. • Defendants answered. Thereafter Symes died. This order was made: “At this day comes William M. McGuire, an attorney of record herein, and suggests to the court the death of the defendant, G. G. Symes, and on his motion it is ordered-by the court that the executrix, Sophie F. Symes, be substituted party defendant in place and stead of G. G. Symes, deceased.”
*464 Sophie F. Symes received no notice of the appli-' cation for this order. Judgment was taken against the defendants and Sophie F. Symes as administratrix of Gr. GL Symes. This judgment was vacated on application of plaintiff therein, dismissal entered as to all other defendants and judgment rendered against Sophie F. Symes as administratrix.
At no time was notice or summons served on the administratrix making her a party to the action. At no time did she in person or by counsel appear therein.
The present action was a proceeding in the district court of Arapahoe county, wherein the above judgment was rendered, to vacate the same; from a judgment dismissing the action plaintiff therein is here on error.
Defendant in error contends:
1. This is not a direct attack upon the judgment assaulted. The contrary is ruled in Wilson v. Hawthorne, 14 Colo. 530, 24 Pac. 548.
2. The failure of the complaint herein to allege that a meritorious defense exists to the action in which judgment was rendered, is fatal to its stating a cause of action.
That such averment is not essential is decided in Wilson v. Hawthorne, supra; Keely et al. v. East Side Improvement Co., 16 Colo. App. 365, 65 Pac. 456, 3 Colo. Dec. 457.
3. Plaintiff in error contends the failure to bring the administratrix into court by notice or process of some character is fatal to the judgment rendered against her.
The question presented is, not whether a judgment against deceased taken after death is void, but whether a judgment taken against his personal representative without acquiring jurisdiction of her person is void. It is immaterial what the rule was at *465 common law as to death abating an action, our code prescribes — section 15 — “An action shall not abate by the death * * * of a party * * * if the cause of action survive * * * . In case of the death * * * the court on motion may allow the action to be continued * * * against his representative * * * > >
The code here prescribes the terms upon which the personal representatives may be made a party, that is, by an order made on motion. Such order is void unless made on notice.—Taylor v. Derry, 4 Colo. App. 109, 35 Pac. 60.
No notice of the order making the administratrix a party having been given, it is void.—Taylor v. Derry, supra.
As the administratrix was never in any manner a party to the action in which the assaulted judgment was rendered the judgment therein against her was void.
Judgment below reversed.