[No. 3847.]

## ABERNETHY ET AL. v. WRIGHT.

1. PRACTICE—*Motions—Notice.* The provisions of the code (Rev. Code Sec. 406, 443) requiring notice to be given of motions not made during the trial are mandatory and jurisdictional. An order made, without notice to the adversary party, of the application, is void.

2. APPEALS—*Affidavits Not Received to Add to or Detract from the Transcript.* An appeal bond was filed within the time fixed by an order of the trial court. Appellee moved to dismiss, on the ground that this order was made without notice, supporting his motion by affidavit. The court declined to consider the affidavit, but leave was given the appellee to apply to the court below, on due notice, for an amendment of the record.

3. —— *Effect of an Appeal Upon the Jurisdiction of the Court a Quo.* The trial court, notwithstanding the pendency of a perfected appeal, may entertain a motion to amend its record, in the cause.

*Appeal from Boulder District Court.* HON. HARRY P. GAMBLE, Judge.

Messrs. MILLER, BARND & WILLIAMS, for appellants.

Mr. SAMUEL H. THOMPSON, for appellee.

### Motion to Dismiss Appeal.

KING, J., delivered the opinion of the court.

From a judgment rendered April 28th, 1911, appellants herein prayed an appeal to the supreme court which was allowed, on condition that they file an appeal bond within thirty days. Thereafter, time for filing said bond was extended until July 8th, 1911. On September 1st, time was further extended for a period of thirty days, and on the 29th day of September, 1911, time was again extended for an additional period of ten days, by an order made without the knowledge of appellee, or notice to him of a motion for such order. The appeal bond was approved and filed October 10th, 1911, and the transcript of the record was filed in the supreme court on December 28th, 1911, and thereafter in the court of appeals on January 5th, 1912. On January 15th, 1912, appellee filed his motion to dismiss the appeal for want of jurisdiction, the alleged jurisdictional defect arising from the failure of appellants to file their appeal bond within the time provided by order of the trial court. At the time of filing the motion to dismiss there was nothing in the record showing that time for filing the appeal bond had been extended beyond the 29th day of September, 1911. The motion to dismiss was resisted by counter-motion of appellants for leave to withdraw the transcript to have the same amended so as to show an order of the court en-

tered September 29th, giving ten days' additional time
in which to file the bond. This motion was granted with
leave to appellee to renew his motion to dismiss after the
supplemental transcript should have been filed. The
transcript was accordingly supplemented, and on May
17th, 1912, appellee renewed his motion to dismiss, sup-
ported by affidavit of counsel alleging that the order of
the court made September 29th granting additional time
was made without notice to appellee. nor his counsel of
motion therefor, and that neither appellee nor his coun-
sel was present in court. This affidavit is undenied. The
record in the district court is silent upon the question of
notice, and therefore, the presumption obtains that the
proper requirements were complied with.

The code provisions requiring notice of motions in
all cases except those made during the progress of trial
are both mandatory and jurisdictional. *Taylor v. Derry,*
4 Colo. App., 109; *Troth v. Crow,* 1 Colo. App., 453; *Mal-
lan v. Higenbotham,* 10 Colo., 264. Therefore, the order
of September 29th, 1911, if made without proper notice,
was void and did not operate to extend the time, and the
appeal bond approved and filed October 10th would not
give this court jurisdiction of the case. *Taylor v. Derry,
supra.* A motion in the court below to vacate the order
was not necessary to enable this court to review the ques-
tion raised as to the validity of the order. But we cannot
consider affidavits for the purpose of adding to or de-
tracting from the record certified to us by the clerk of the
trial court. The record of the court below should be so
amended as to show, if such is the fact, that the order ex-
tending the time within which to file the appeal bond was
obtained *ex parte.* · The motion to dismiss is denied, with
leave to appellee to apply to the court below to amend the
record, which motion should be entertained and deter-
mined upon due notice, notwithstanding the cause has
been removed to this court on appeal. *McKenzie v. Mur-*

*phy et al.*, 29 Colo., 485. The motion to dismiss may be renewed, or other motion made, after the record has been amended and returned to this court.

*Motion to Dismiss Denied.*