King, J.,
delivered the opinion of the court.
Prom a judgment rendered April 28th, 1911, appellants herein prayed an appeal to the supreme court which was allowed, on condition that they file an appeal bond within thirty days. Thereafter, time for filing said bond was extended until July 8th, 1911. On September 1st, time was further extended for a period of thirty day¡§, and on the 29th day of September, 1911, time was again extended for an additional period of ten days, by an order made without the knowledge of appellee, or notice to him of a motion for such order. The appeal bond was approved and filed October 10th, 1911, and the transcript of the record was filed in the supreme court on December 28th, 1911, and thereafter in the court of appeals on January 5th, 1912. On January 15th, 1912, appellee filed his motion to dismiss the appeal for want of jurisdiction, the alleged jurisdictional defect arising from the failure of appellants to file their appeal bond within the time provided by order of‘the trial court. At the time of filing the motion to dismiss there was nothing in the recprd showing that time for filing the appeal bond had beeyL extended beyond the 29th day of September, 1911. The motion to dismiss was resisted by counter-motion of appellants for leave to withdraw the transcript to have the same amended so as to show an order of the court en *83 tered September 29th, giving ten days’ additional time in which to file the bond. This motion was granted with leave to appellee to renew his motion to dismiss after the supplemental transcript should have been filed. The transcript was accordingly supplemented, and on May 17th, 1912, appellee renewed his motion to dismiss, supported by affidavit of counsel alleging that the order of the court made September 29th granting additional time was made without notice to appellee, nor his counsel of motion therefor, and that neither appellee nor his counsel was present in court. This affidavit is undenied. The record in the district court is silent upon the question of notice, and therefore, the presumption obtains that the proper requirements were complied with.
The code provisions requiring notice of motions in all cases except those made during the progress of trial are both mandatory and jurisdictional. Taylor v. Derry, 4 Colo. App., 109; Troth v. Crow, 1 Colo. App., 453; Mallan v. Higenbotham, 10 Colo., 264. Therefore, the order of September 29th, 1911, if made without proper notice, was void and did not operate to extend the time, and the appeal bond approved and filed October 10th would not give this court jurisdiction of the case. Taylor v. Derry, supra. A motion in the court below to vacate the order was not necessary to enable this court to review the question raised as to the validity of the order. But we cannot consider affidavits for the purpose of adding to or detracting from the record certified to us by the.clerk of the trial court. The record of the court below should be so amended as to show, if such is the fact, that the order extending the time within which to file the appeal bond was obtained ex parte. ■ The motion to dismiss is denied, with leave to appellee to apply to the court below to amend the record, which motion should be entertained and determined upon due notice, notwithstanding the cause has been removed to this court on appeal. McKenzie v. Mur *84 phy et al., 29 Colo., 485. The motion to dismiss may be renewed, or other motion made, after the record has been amended and returned to this court.

Motion to Dismiss Denied.